THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES S. JOHNSON, Defendant-Appellant.

Fourth District    No. 4—04—0127

Opinion filed December 3, 2004.

TURNER, J., dissenting.

Gregory L. Ryan, of Gregory L. Ryan Law Offices, of Urbana, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant, James S. Johnson, appeals from his conviction for driving under the influence (DUI) November 29, 2004 (625 ILCS 5/11—501(a)(2) (West 2002)). On appeal, defendant argues that (1) the guilty verdict was against the manifest weight of the evidence, (2) the prosecutor's remarks during closing arguments about defendant's

refusal to submit to a breath test were prosecutorial misconduct, (3) defense counsel's failure to object to the prosecution's improper references during the trial was ineffective assistance of counsel, and (4) the prosecutor's improper references during opening and closing statements at trial were plain error. We affirm.

At about 9:45 p.m. on April 30, 2003, Mahomet police officer David Parsons stopped defendant's car after he observed defendant cross the centerline of the roadway three times in a short amount of time. When Parsons confronted defendant, he noticed a strong odor of alcohol on defendant's breath. He also noticed that defendant's speech was slurred and his eyes were bloodshot. Parsons asked defendant for his license and insurance card, and defendant mistakenly handed him his license and registration. When Parsons pointed out the mistake, defendant provided his insurance card. At this point, Parsons informed defendant that he noticed a strong odor of alcohol on his breath. Defendant admitted that he had been drinking that evening.

Parsons then asked defendant if he would submit to some field sobriety tests. Defendant complied and exited his vehicle. Parsons had defendant complete a "walk and turn" test and a "one-leg stand" test. The "walk and turn" test consists of the subject walking heel to toe in a straight line with his arms at his sides, then pivoting and returning in the same manner. Parsons testified that defendant failed the "walk and turn" test because he displayed four indicators of impairment and individuals are only allowed two. Parsons testified that defendant had to be reminded several times to keep his right foot closely in front of his left foot, failed to perform the test at a normal gait, and raised his arms approximately 14 inches from his body. Parsons also testified that defendant was unable to pivot on his left foot without pausing to regain his balance.

Defendant also failed the "one-leg stand" test. The test requires that an individual balance on one leg for approximately 30 seconds. Like the "walk and turn" test, in the "one-leg stand" test, a person is only permitted two indicators of impairment. Defendant displayed three indicators. Parsons testified that defendant swayed while doing the exercise, that his arms were about 10 inches from his sides, and that he put his foot down after only 8 seconds. Parsons determined that defendant was under the influence of alcohol and placed defendant under arrest.

Parsons placed defendant in the back of his squad car, and the two men waited for a tow truck to arrive. While they were sitting in the car, defendant remarked that he was "not that drunk." Parsons read defendant the warning to motorists, which informs individuals of the different penalties that may result from one's refusal to submit to

chemical testing as well as the penalties if one submits to the testing. Although officers are required to provide a copy of the warning to motorists to the individual, Parsons did not provide a copy of the warning to defendant until almost an hour later, when defendant was in jail. Defendant informed Parsons that he understood the penalties described in the warning and declined to submit to a breath test.

On December 4, 2003, the trial court conducted a jury trial in the matter. Parsons testified on behalf of the State. In addition to himself, defendant had several witnesses testify on his behalf. Defendant's witnesses had been with him at the Hide-Away of the Woods, and all testified that defendant did not display any signs of impairment or intoxication. On December 5, 2003, the jury convicted defendant. This appeal followed.

Defendant first argues that the State failed to prove him guilty of DUI beyond a reasonable doubt. "A criminal conviction will not be set aside on appeal unless the evidence is so improbable or unsatisfactory that there remains a reasonable doubt of the defendant's guilt." *People v. Ehlert*, 211 Ill. 2d 192, 202, 811 N.E.2d 620, 625 (2004). "The question on review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational fact finder could have found defendant guilty beyond a reasonable doubt." *Ehlert*, 211 Ill. 2d at 202, 811 N.E.2d at 625. It is the jury's responsibility to determine the witnesses' credibility and the weight given to their testimony, to resolve conflicts of the evidence, and to draw reasonable inferences from the evidence. *People v. Ortiz*, 196 Ill. 2d 236, 259, 752 N.E.2d 410, 425 (2001). We hold that the evidence presented at trial was sufficient for the jury to find defendant guilty beyond a reasonable doubt.

The evidence presented by the State showed that Parsons was justified in pulling defendant's car over. When Parsons approached defendant, defendant had red eyes, slurred speech, and a strong smell of alcohol on his breath. Further, when asked to provide his license and proof of insurance, defendant provided his registration instead of proof of insurance. Defendant admitted that he had consumed alcoholic beverages. Parsons then asked defendant to perform field sobriety tests. Parsons testified that defendant failed both sobriety tests and explained the various factors he used in making his determination. While in the police car, defendant remarked to Parsons that he was "not that drunk." Additionally, defendant refused to submit to a breath test when requested by the police.

Defendant argued at trial that he had a legitimate reason for crossing the centerline, which was to attempt to pass a car in front of him. This does not change the fact that Parsons was still justified in pulling him over. Defendant does not challenge the fact that he did cross the

centerline, which is the reason he was initially stopped. Defendant also argued that the field tests were not performed in accordance with the guidelines provided by the United States Department of Transportation, National Highway Traffic Safety Administration, or the Illinois State Police. He argues that the tests were conducted, not on a level surface, but on the side of the roadway where there was a slight slant. Further, he argued that Parsons did not designate a line for defendant to follow while completing the "walk and turn" test. Defendant provided a video to the jury, showing the condition of the site where the tests took place. The jury was able to view and determine whether the slant of the road was such that a sober driver would have been able to properly perform the field tests.

■ The State's evidence was sufficient to prove defendant guilty of DUI. Although defendant presented reasonable justifications for most of his actions, the jury obviously gave more weight to Parsons's observations. As we stated previously, it is the jury's duty to weigh the evidence presented and draw conclusions from that evidence. *Ortiz*, 196 Ill. 2d at 259, 752 N.E.2d at 425. The evidence presented by defendant is not so strong that we can conclude that no rational trier of fact could have convicted defendant in this case. The evidence presented by the State was sufficient to convict defendant beyond a reasonable doubt of DUI.

■ Defendant next argues that the prosecutor's remarks during opening and closing statements about defendant's refusal to submit to a breath test were prosecutorial misconduct. Attorneys are allowed latitude in their closing statements. *People v. Castaneda*, 299 Ill. App. 3d 779, 784, 701 N.E.2d 1190, 1192 (1998). "A prosecutor may comment on the evidence and draw all legitimate inferences deducible therefrom, even if they are unfavorable to the defendant." *People v. Taylor*, 345 Ill. App. 3d 1064, 1081, 804 N.E.2d 116, 129 (2004). "In reviewing a challenge to remarks made by the prosecutor during closing argument, the comments must be considered in the context of the parties' closing arguments as a whole." *Taylor*, 345 Ill. App. 3d at 1081, 804 N.E.2d at 129. Reversible error results when comments by a prosecutor cause such substantial prejudice against a defendant that it is impossible to say whether or not a verdict of guilt resulted from those comments. *Castaneda*, 299 Ill. App. 3d at 784, 701 N.E.2d at 1192. There is a similar requirement in opening statements, that reversible error only results when the prosecutor's statements result in substantial prejudice against defendant. *People v. Leger*, 149 Ill. 2d 355, 392, 597 N.E.2d 586, 602 (1992).

Here, the prosecutor told the jury in his opening statement that it would "hear that [defendant] was given an opportunity to prove to the

officer that he was not overly impaired by being offered to take what is call[ed] a breath alcohol test to determine how much alcohol was on his breath at the time, yet the defendant failed to do so." During closing arguments, the prosecutor said that Parsons gave defendant "an opportunity to prove once and for all that he wasn't impaired." The prosecutor summarized Parsons's testimony by stating:

> "He said, you know what? I am going to give you one more chance to prove that you're not guilty of this offense. Take a breath test. You're aware of the penalties that might result of taking it and passing it or not taking it at all."

Finally, the prosecutor summarized defendant's decision not to take the breath test by telling the jury:

> "He knew what he was doing. He refused. He didn't want to take the risk. He took the stiffest penalty right off the bat. He wouldn't take the chance to prove it once and for all."

Defendant argues that these statements are prosecutorial misconduct because they improperly shift the burden of proof, requiring defendant to prove his innocence rather than the prosecution having to prove his guilt. We disagree. Evidence of a defendant's refusal to take a breath test is relevant and admissible. 625 ILCS 5/11—501.2(c)(1) (West 2002); see also *People v. Garriott*, 253 Ill. App. 3d 1048, 1052, 625 N.E.2d 780, 784 (1993) (refusal to submit to Breathalyzer test is relevant as circumstantial evidence of the defendant's consciousness of guilt). The trier of fact can infer that a defendant refused to submit to the test because it would confirm that he was DUI. *Garriott*, 253 Ill. App. 3d at 1052, 625 N.E.2d at 784. The prosecutor's statements drew a legitimate inference from the evidence that was properly admitted during the trial. No prejudice resulted to defendant from the prosecutor's statements. It was not error for the trial court to allow the prosecutor's opening and closing statements.

Defendant also argues that defense counsel's failure to object to the prosecutor's remarks during trial was both plain error and ineffectual assistance of counsel. Because we have already stated that the prosecutor's statements were not error and, further, did not prejudice defendant, no error was made by defense counsel in not objecting to the statements.

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, J., concurs.

JUSTICE TURNER, dissenting:

I respectfully dissent. In my view, the prosecutor's comments impermissibly shifted the burden of proof, and I would therefore reverse the trial court's judgment and remand for a new trial.

Here, the prosecutor in his opening statement and twice in his closing statement referenced defendant's failure to prove he was not impaired or "not guilty." Although the prosecutor's argument was set forth in the context of defendant's failure to provide proof to the arresting officer rather than the jury, I believe the multiple references to the term "prove" impermissibly shifted the burden of proof and deprived defendant of a fair trial. In *People v. Kane*, 223 Ill. App. 3d 377, 379, 584 N.E.2d 1044, 1045 (1991), the State presented evidence of the defendant's refusal to submit to a test designed to determine whether the defendant was under the influence of alcohol. This court found such evidence helpful to the trier of fact and noted the "jury could have inferred defendant's actions during the observation period showed he refused the test because he knew it would have confirmed he was driving under the influence." *Kane*, 223 Ill. App. 3d at 385, 584 N.E.2d at 1049.

In *Garriott*, 253 Ill. App. 3d at 1052, 625 N.E.2d at 784, this court further elaborated on the admissibility of a defendant's refusal to submit to a Breathalyzer test as follows:

"Section 11—501.2(c) of the Code, providing that evidence of a refusal *shall* be admissible at trial of a DUI[,] *** represents a legislative determination that evidence of such a refusal is relevant. In effect, the legislature has determined that a driver's refusal to submit to a [B]reathalyzer test is relevant as circumstantial evidence of his consciousness of guilt. [Citations.] The evidence of a driver's refusal exposes him to an inference regarding his state of mind about the likely results of that test. [Citation.] The trier of fact could infer that he refused because he knew the [B]reathalyzer test would confirm he was driving under the influence. [Citation.] This evidence is probative to the issue of intoxication. [Citation.] Thus, a driver's refusal is relevant because it implies that he believes he is intoxicated, something he is clearly in a prime position to appraise." (Emphasis in original.)

Here, the State argues the prosecutor's remarks, when placed in proper context, were not improper because they refer to defendant's state of mind in making his decision to refuse to take the test. I could agree with the State if the prosecutor had omitted references to defendant's failure to prove he was not guilty or not impaired.

Our supreme court has found that "no rule is more firmly settled than that a defendant in a criminal case is not bound to prove himself innocent, but the State must prove him guilty beyond a reasonable

doubt, the defendant being presumed innocent." *People v. Magnafichi*, 9 Ill. 2d 169, 174, 137 N.E.2d 256, 259 (1956); see also *People v. Weinstein*, 35 Ill. 2d 467, 470, 220 N.E.2d 432, 434 (1966) (burden of proving beyond a reasonable doubt all the essential elements of a crime never shifts to the accused but remains the responsibility of the prosecution); *People v. Benson*, 19 Ill. 2d 50, 61, 166 N.E.2d 80, 86 (1960) ("it is not for the defendant to establish his innocence, but for the People to establish his guilt").

The majority today sets a dangerous precedent, which, in my view, departs from time-honored principles of jurisprudence. Perhaps a jury will not always fully appreciate the subtlety of a prosecutor's argument relating to a defendant's guilty state of mind as opposed to a defendant's failure to prove he is not guilty. Perhaps, as well, a jury may be able to discern a difference between a defendant proving his innocence to a police officer as compared to proving his innocence to the jury itself. Nonetheless, the State should eschew argument that reasonably could confuse the jury regarding the presumption of innocence and burden of proof, and in my view, the majority errs today in condoning such conduct. From this day forward, DUI prosecutors in cases involving a refusal will be totally uninhibited from telling the jury a defendant who refuses a breath test has failed to prove his innocence to the police officer who offered the test. From my perspective, this is shifting the burden of proof to defendant, and even if the majority is correct that such argument does not shift the burden, it is simply too close to doing so for my comfort zone.

Prosecutors most assuredly should be allowed to elicit evidence of a defendant's refusal and argue such refusal is evidence that defendant must have believed he could not pass the breath test. However, further arguing defendant failed to prove he was "not guilty" to the officer who offered the test tends to blur the distinction between the defendant's state of mind and the State's burden of proof and thus should not be permitted.