COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


RONALD LEE JONES
                                                          OPINION BY
v.       Record No. 0597-07-4                    JUDGE WILLIAM G. PETTY
                                                          MAY 6, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Martin Bass, Judge

J. Burkhardt Beale (Boone Beale, on brief), for appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


A jury convicted the appellant, Ronald Lee Jones, of unreasonable refusal to provide a

breath sample following an arrest for driving under the influence, in violation of Code

§§ 18.2-268.2 and 18.2-268.3. Jones challenges his conviction on appeal, arguing that the trial court

erred when it found that the police had a reasonable, articulable suspicion to stop Jones and when it

found probable cause for Jones' arrest. Because Jones failed to present any argument supporting his

challenge to the trial court's finding that the officer had a reasonable articulable suspicion to stop

him, we decline to address it. Further, we hold that the police had probable cause to arrest Jones.

Accordingly, we affirm Jones' conviction.

I. BACKGROUND

On the night of September 29, 2006, Stafford County Sheriff's Deputy Peter Nelson was

involved in the investigation of a home invasion burglary with several other officers. As a part of

the investigation, the officers set up a perimeter around the subdivision because they believed that

the thief would try to escape on foot or in a waiting car.

Deputy Nelson observed Jones' SUV drive by twice very slowly, and he noted that the windows of the SUV were tinted "very black" and that it was impossible to see if anyone was in the back seat. The deputy suspected that Jones could be either the suspect or an accomplice. According to the deputy, he flagged the SUV down. Jones testified at trial that the deputy did not pull him over; instead, Jones "came to a stop and ask[ed] for his assistance." Jones testified that he was in the neighborhood in response to a telephone call from his daughter, who lived there, and was concerned to see a number of police cars in his daughter's neighborhood.

The deputy smelled a "definite strong odor of alcohol coming from" Jones when Jones stepped out of the SUV. Deputy Nelson also described Jones' eyes as a "little glassy, a little red" and noted that Jones was argumentative. Based on these observations, Deputy Nelson repeatedly asked Jones to perform field sobriety tests. Jones refused and stated that Deputy Nelson did not smell alcohol, but instead smelled incense and cough drops. Deputy Nelson arrested Jones at that point.[1] The deputy then read Jones the implied consent law. Jones continued to refuse to perform any field sobriety tests and subsequently refused before the magistrate to submit to a breath test as required by Code § 18.2-268.2.

In a pretrial motion, Jones argued that the deputy lacked probable cause to arrest him for driving under the influence and, therefore, his indictment for unreasonably refusing a blood or breath test should be dismissed. The deputy testified at the hearing on the pretrial motion that he arrested Jones based on the odor of alcohol and Jones' physical appearance, demeanor, and the fact that he refused to perform field sobriety tests. The deputy explained that Jones' refusal indicated that he had been previously arrested for DUI and that, in his experience "people with prior

---

[1] A videotape containing audio of the conversation between Jones and Deputy Nelson both before and after the arrest was admitted at trial. Although Deputy Nelson testified to a number of observations relevant to a probable cause determination, the videotape demonstrates that some of these observations occurred after Jones was placed under arrest. In light of our decision, we consider only those facts that occurred prior to Jones' arrest.

DUIs . . . know you have to have probable cause. They understand that . . . the less they give us, the less of a case we have and I started sensing that."

The trial court denied Jones' motion, and a jury subsequently convicted him of unreasonable refusal to submit to a breath test after having been convicted of two predicate offenses within ten years. Jones was sentenced to thirty days in jail and was fined $2,500. This appeal followed.

## II. ANALYSIS

"On appeal, we apply a *de novo* standard of review in determining whether a person has been seized in violation of the Fourth Amendment." Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003). However, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 691 (1996)). Moreover, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, and afford that party all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

### A.  Reasonable Suspicion

In his question presented, Jones challenges the trial court's ruling that Deputy Nelson had the requisite reasonable articulable suspicion to stop him. We are precluded from reaching the merits of this argument by the Rules of this Court because Jones presents no argument on this issue. Indeed, Jones does not cite legal authority in support of his argument, nor does the term "reasonable suspicion" appear anywhere in his brief other than in the question presented.

Rule 5A:20(e) requires that an appellant's opening brief contain "[t]he principles of law, the argument, and the authorities relating to each question presented." Unsupported assertions of

error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415

S.E.2d 237, 239 (1992). One of our sister courts has ably explained the rationale behind its

version of Rule 5A:20:

> A court of review is entitled to have the issues clearly defined and
> to be cited pertinent authority. The appellate court is not a
> depository in which the appellant may dump the burden of
> argument and research. To ignore such a rule by addressing the
> case on the merits would require this court to be an advocate for, as
> well as the judge of the correctness of, [appellant's] position on the
> issues he raises. On the other hand, strict compliance with the
> rules permits a reviewing court to ascertain the integrity of the
> parties' assertions which is essential to an accurate determination
> of the issues raised on appeal.

People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989) (internal citations omitted).[2]

Here, Jones merely recites facts and indicates that the trial court's determination was

unfair. This is not an appropriate appellate argument, and we cannot address it.

### B. Probable Cause

According to Code § 18.2-268.2(A), in pertinent part:

> Any person . . . who operates a motor vehicle upon a highway . . .
> in the Commonwealth shall be deemed thereby, as a condition of
> such operation, to have consented to have samples of his blood,
> breath, or both blood and breath taken for a chemical test to
> determine the alcohol, drug, or both alcohol and drug content of
> his blood, if he is arrested for [driving under the influence] within
> three hours of the alleged offense.

An unreasonable refusal to comply with the provisions of Code § 18.2-268.2 is punishable under

Code § 18.2-268.3. Jones argues that the implied consent law was not triggered because the

deputy lacked probable cause to lawfully arrest him for driving under the influence. See

---

[2] This Court frequently cites Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239, for the proposition that a party violates Rule 5A:20(e) when it fails to present a legal argument to this Court. Buchanan cites Holmstrom v. Kunis, 581 N.E.2d 877, 882 (Ill. 1991), for this principle, which in turn relies on Trimble, 537 N.E.2d at 364. Thus, this rationale is implicated in our prior decisions.

Goodman v. Commonwealth, 37 Va. App. 374, 383, 558 S.E.2d 555, 560 (2002) (holding "that where the arresting officer has probable cause to believe [a] . . . driver has violated Code § 18.2-266, the implied consent law operates to permit the taking and testing of blood from that driver . . ."). Jones concludes that we must therefore reverse his conviction for unreasonable refusal.

Jones reasons that the deputy lacked probable cause to arrest him because the videotape of the encounter, according to Jones, does not indicate that he was intoxicated, there is no evidence that he had consumed enough alcohol to affect his behavior, and the mere odor of alcohol on his breath or his person, standing alone, was not enough to establish probable cause. For the reasons stated below, we disagree with Jones, and affirm his conviction.

Our Supreme Court has frequently stated the basis for determining whether probable cause existed to support a warrantless arrest. It "exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Schaum v. Commonwealth, 215 Va. 498, 500, 211 S.E.2d 73, 75 (1975) (citing Draper v. United States, 358 U.S. 307, 313 (1959); Oglesby v. Commonwealth, 213 Va. 247, 250, 191 S.E.2d 216, 218 (1972)).

In reviewing a probable cause determination we use "an objective test based on a reasonable and trained police officer's view of the totality of the circumstances." Brown v. Commonwealth, 270 Va. 414, 419, 620 S.E.2d 760, 762 (2005); see also Yancey v. Commonwealth, 30 Va. App. 510, 516, 518 S.E.2d 325, 328 (1999) ("When determining whether probable cause supports an arrest, we do not examine each element separately for a determinative fact, but instead consider the totality of the circumstances."). Probable cause does not require "an actual showing" of criminal behavior; "[r]ather, [the Commonwealth need only

show] a probability or substantial chance of criminal behavior." Purdie v. Commonwealth, 36 Va. App. 178, 185, 549 S.E.2d 33, 37 (2001) (citations omitted). Moreover, it is well settled that the "arresting officer need not have in hand evidence which would suffice to convict. The quantum of information which constitutes probable cause . . . must be measured by the facts of the particular case." Wong Sun v. United States, 371 U.S. 471, 479 (1963).

Here, the deputy stated that he smelled alcohol on Jones, that Jones' eyes were red and glassy, that he was argumentative, and that Jones refused to perform field sobriety tests. We hold that all of these facts, taken together in light of our standard of review, provide sufficient probable cause needed to justify the arrest.

Jones is correct that the mere odor of alcohol, by itself, is insufficient to establish probable cause for arrest. See Wallace v. Commonwealth, 32 Va. App. 497, 505, 528 S.E.2d 739, 742 (2000) (The odor of alcohol emanating from a suspect provided a police officer with "reasonable suspicion that [the appellant] was driving while intoxicated."); see also United States v. Brown, 401 F.3d 588, 597 (4th Cir. 2005) (noting that there is "no published opinion of the Virginia appellate courts finding cause [to arrest a suspect] for public intoxication based solely on glassy, bloodshot eyes and the strong smell of alcohol"); cf. Jetton v. Commonwealth, 2 Va. App. 557, 563, 347 S.E.2d 141, 145 (1986) ("It is well established that the mere odor of alcohol is insufficient to establish . . . intoxication . . . " in a criminal trial. (citing Baker v. Taylor, 229 Va. 66, 69, 326 S.E.2d 669, 671 (1985))); accord Hill v. Lee, 209 Va. 569, 572, 166 S.E.2d 274, 276 (1969).

However, Deputy Nelson did not solely rely on the odor of alcohol for his belief that Jones was possibly engaged in criminal behavior. Instead, the deputy also relied on Jones' physical appearance, his argumentative demeanor, and his persistent refusal to perform any field

sobriety tests.[3]  See, e.g., Clarke v. Commonwealth, 32 Va. App. 286, 296, 527 S.E.2d 484, 489

(2000) (holding that a suspect's bloodshot eyes, erratic speech pattern, and the odor of alcohol

about the suspect's person provided probable cause to arrest him for public intoxication);

Pearson v. Commonwealth, 43 Va. App. 317, 319, 597 S.E.2d 269, 270 (2004) (suspect arrested

for driving under the influence upon police officer's observation that his "speech was slightly

slurred[,]" that he had "a strong odor of alcohol coming from [his] person," his eyes appeared

"glassy, watery and bloodshot," that he was "argumentative" as he talked to the officer, and

failed several field sobriety tests).

While Jones' refusal to perform any field sobriety tests effectively deprived the deputy of

direct evidence of the effect alcohol may have had on Jones' ability to drive, it did provide

circumstantial evidence of another factor bearing on the issue – Jones' awareness that the tests

would reveal his intoxication, or in other words, his consciousness of guilt.

It is well settled that evidence allowing the jury to infer a consciousness of guilt, such as

evidence showing that an accused fled from police, is admissible in criminal trials.  See Welch v.

---

[3] For the sake of clarity, however, we emphasize that our analysis is not confined to the officer's testimony.  Instead we look to the evidence in the record:

> An action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed *objectively*, justify [the] action.  It is important to remember that we are not limited to what the stopping officer says or to evidence of his subjective rationale; rather, we look to the record as a whole to determine what facts were known to the officer and then consider whether a reasonable officer in those circumstances would have been suspicious. Consequently, the police officer conducting a stop is not required to precisely and individually articulate the facts that added up to suspicion in his mind.

Raab v. Commonwealth, 50 Va. App. 577, 583 n.2, 652 S.E.2d 144, 148 n.2 (2007) (internal quotation marks omitted) (alteration and emphasis in original) (citing Brigham City v. Stuart, 547 U.S. 398, 404 (2006); United States v. Brown, 232 F.3d 589, 594 (7th Cir. 2000)).

Commonwealth, 15 Va. App. 518, 525, 425 S.E.2d 101, 106 (1992) ("'It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.'" (quoting Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 480 (1991))).  Thus, a defendant's refusal to provide evidence, not privileged or otherwise protected, that could be incriminating is admissible as evidence of guilt.  See, e.g., Artis v. Commonwealth, 213 Va. 220, 224, 191 S.E.2d 190, 193 (1972) (refusing to "find any error in the action of the court in permitting the Commonwealth to show that defendant refused to try on the coat in which incriminating evidence was found[]" when that refusal was viewed as a tacit admission of guilt).

Further, while our Court has not yet determined whether refusal to perform field sobriety tests may be used as a factor in a probable cause analysis, other states have.[4]  We note that the

---

[4] See, e.g., State v. Ferm, 7 P.3d 193, 197 (Haw. Ct. App. 2000) (affirming conviction when officer arrested appellant for DUI based on his "impaired demeanor, the smell of alcohol on his breath and his refusal to undergo a field sobriety test"); State v. Sanchez, 36 P.3d 446, 449-50 (N.M. Ct. App. 2001) (holding that, while refusal to perform field sobriety tests would not, standing alone, provide probable cause, it is a legitimate factor in the probable cause determination).  Far more courts have decided the analogous issue of whether refusal to perform field sobriety tests may be used as substantive evidence to establish intoxication in criminal trials.  See, e.g., Longley v. State, 776 P.2d 339, 345 (Alaska Ct. App. 1989) (holding evidence admissible because "[a] refusal to take the [breath] test is . . . probative of guilt . . ."); Johnson v. State, 987 S.W.2d 694, 698 (Ark. 1999) ("The refusal to be tested is admissible evidence on the issue of intoxication and may indicate the defendant's fear of the results of the test and the consciousness of guilt."); State v. Taylor, 648 So. 2d 701, 704 (Fla. 1995) (Appellant's "refusal [to take field sobriety tests] is relevant to show consciousness of guilt."); People v. Johnson, 819 N.E.2d 1233, 1237 (Ill. App. Ct. 2004) (Refusal evidence is admissible because "[t]he trier of fact can infer that a defendant refused to submit to the test because it would confirm that he was" driving under the influence.); cf. State v. Mellett, 642 N.W.2d 779, 786-89 (Minn. Ct. App. 2002) (refusal evidence admissible; no Fifth Amendment violation); State v. Hoenscheid, 374 N.W.2d 128, 129 (S.D. 1985) (refusal evidence admissible; no Fifth Amendment violation); Seattle v. Stalsbroten, 978 P.2d 1059, 1061 (Wash. 1999) (refusal evidence admissible; no Fifth Amendment violation); but see Commonwealth v. Grenier, 695 N.E.2d 1075, 1078-79 (Mass. App. Ct. 1998) (holding that refusal evidence is inadmissible on the issue of intoxication based on state constitutional grounds).

Court of Appeals of New Mexico, deciding a case with facts similar to those before us, held that while "refusal to perform the field sobriety testing, standing alone" did not "constitute[] probable cause for an arrest" it could be "considered, in combination with other factors, to constitute probable cause" because such refusal is indicative of a consciousness of guilt. State v. Sanchez, 36 P.3d 446, 449-50 (N.M. Ct. App. 2001). The Sanchez court went on to hold that the police officer's observation that the suspect smelled strongly of alcohol and had bloodshot, watery eyes, in conjunction with his refusal to perform field sobriety tests, provided adequate probable cause for the DUI arrest. Id.

We are persuaded by our sister state's reasoning and determine that it is consistent with our prior, analogous decisions regarding refusal evidence. See, e.g., Farmer v. Commonwealth, 12 Va. App. 337, 340-41, 404 S.E.2d 371, 372-73 (1991) (*en banc*) (holding that the admission into evidence of an accused's refusal to perform a field sobriety test did not offend the Fifth Amendment's prohibition against self-incrimination in a DUI trial).[5]

If, in a prosecution for DUI, evidence of a defendant's refusal to perform field sobriety tests is considered relevant and admissible to establish guilt of the offense, we fail to see how the same evidence is not a legitimate factor for an officer's consideration in assessing the existence of probable cause to arrest for the same offense. See Schaum, 215 Va. at 500, 211 S.E.2d at 75 ("Probable cause, as the very name implies, deals with probabilities. These are not technical; they are the factual and practical considerations in everyday life on which reasonable and prudent men, not legal technicians, act.").

---

[5] Because "constitutional questions should not be decided if the record permits final disposition of a cause on non-constitutional grounds[,]" Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*), we infer that the refusal evidence was probative on the issue of intoxication in Farmer; i.e., the case could not be decided on an evidentiary ground such as relevance. As the refusal evidence was probative of guilt, it logically follows that it is a relevant factor for an officer's consideration in making a probable cause determination.

While the refusal to perform field sobriety tests, the odor of alcohol, Jones' glassy-eyed appearance, or his argumentative demeanor – when taken separately – may not have provided sufficient probable cause in this case, we conclude that these facts taken as a whole provided the deputy with sufficient probable cause for arrest in this case.  The trial court did not err in holding that the deputy had probable cause to arrest Jones for DUI.

### III.  CONCLUSION

Based on the foregoing discussion, we hold that the trial court did not err in finding probable cause on these facts.  Accordingly, we affirm Jones' conviction.

<u>Affirmed.</u>