COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


JOAN L. KNOWLES
                                                    MEMORANDUM OPINION[*]
v.        Record No. 0015-10-3                            PER CURIAM
                                                         JUNE 29, 2010
SOUTHSIDE COMMUNITY ACTION AND
  AIG CASUALTY (AMERICAN HOME
  ASSURANCE COMPANY)


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Joan L. Knowles, *pro se*, on brief).

            (S. Vernon Priddy III; Two Rivers Law Group, P.C., on brief), for
            appellees.


        Joan L. Knowles (claimant) appeals a decision of the Workers' Compensation

Commission finding she was not entitled to a permanent partial disability award and medical

benefits associated with her left leg and/or knee because her claim was barred by the statute of

limitations.  Claimant filed a letter with the Court asserting "she agrees with Deputy

Commissioner Blevins'" April 2, 2009 opinion.  She also stated that her knees and legs were

hurting.

        Upon receiving claimant's brief, the Court instructed claimant that her brief failed to

comply with Rules 5A:20(c) and (d), and instructed her to submit a set of replacement pleadings.

Claimant requested an extension to file replacement pleadings, which was granted.  That

extension has passed and claimant has not filed a set of replacement pleadings.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Rule 5A:20(c) requires a "statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the [commission]." Rule 5A:20(d) requires "[a] clear and concise statement of the facts that relate to the questions presented, with references to the pages of the transcript, written statement, record, or appendix." Rule 5A:20(e) mandates that claimant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented." Moreover, we have previously stated that "'[a] court of review is entitled to have the issues clearly defined and to be cited pertinent authority.'" Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008).

Despite receiving an extension from the Court, claimant failed to present any specific questions for review, provide reference to where the question(s) were preserved in the proceedings before the commission, provide a clear and concise statement of facts, or cite any principles of law, argument, or authorities relating to her issue(s), in violation of Rules 5A:20(c), (d), and (e).

We find claimant's failure to comply with Rules 5A:20(c), (d), and (e) is significant, so we will not consider her arguments. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) (holding that where an appellant's failure to cite any legal authority as required by Rule 5A:20(e) is "significant," the Court may treat the issue as waived). Accordingly, the issues are waived and the final judgment of the commission is summarily affirmed. Rule 5A:27. See Knowles v. Southside Community Action, VWC File No. 223-17-28 (Nov. 24, 2009).

Affirmed.