COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Kelsey and Haley
Argued at Richmond, Virginia


ROSA COLEMAN

v.      Record No. 2260-09-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
DECEMBER 21, 2010


FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
John G. Berry, Judge

Alexis I. Crow for appellant.

Mark R. Davis, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Rosa Coleman ("Coleman") appeals a final order entered by the Circuit Court of

Fluvanna County ("circuit court") authorizing the Commonwealth to provide medication to

Coleman over Coleman's objection, pursuant to Code § 53.1-40.1. Coleman alleges the circuit

court erred (1) in denying her a jury trial, and (2) in failing to find that Code § 53.1-40.1 is

facially unconstitutional. Finding both assignments of error procedurally defaulted, we affirm.

I. Analysis

A. Coleman's asserted right to a jury trial under Code § 53.1-40.1

Coleman first contends the circuit court erred in finding she had no right to a jury trial

under Code § 53.1-40.1. Coleman concedes the statute does not expressly provide for a jury trial

in her case, but argues on appeal, as she did in the court below, that since Code § 53.1-40.4

provides for a jury trial in cases involving involuntary commitment to mental facilities, equal

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

protection and due process require that she be awarded a jury trial for involuntary medical treatment proceedings under Code § 53.1-40.1. However, although Coleman's opening brief references equal protection and due process, she cites no legal authority in support of her assertion that she has been injured under the United States Constitution.[1]

An appellant's opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). "[W]e have held that 'unsupported assertions of error do not merit appellate consideration.'" Reid v. Commonwealth, 57 Va. App. 42, 48, 698 S.E.2d 269, 271 (2010) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008)). Moreover, "when a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).

In this case, Coleman cites no authority for the proposition that the circuit court violated her rights to equal protection and due process under the United States Constitution. Coleman simply asserts that "constitutional considerations and just plain common sense *seem* to lead to the inescapable conclusion that medical treatment and the administration of medicine to prisoners with mental disabilities *should require* the right to a jury's scrutiny and deliberation." She does not cite any legal authority, and we can find none, for the proposition that equal protection requires the right to a jury trial for all prisoners in all circumstances. Moreover, Coleman "respectfully suggests," that there is no rational basis for the statutory inconsistency

---

[1] Coleman does cite one case, Specht v. Patterson, 386 U.S. 605 (1967), for the proposition that the Due Process Clause contained in the federal Constitution's Fourteenth Amendment applies to involuntary commitment proceedings; however, that question is not before us.

between Code §§ 53.1-40.1 and 53.1-40.4. However, Coleman does not develop her rational basis scrutiny argument on brief or cite any legal authority for it.

We, thus, consider as waived Coleman's equal protection and due process arguments and afford them no further consideration on appeal.

### B. Facial unconstitutionality of Code § 53.1-40.1

Coleman also contends Code § 53.1-40.1 is unconstitutional on its face because it contains no requirement of a finding of dangerousness before a prisoner may be involuntarily medicated. Again, we do not reach the merits of this claim because Coleman has also failed to properly preserve this issue for appeal.

Although Coleman mentioned in her opening statement before the trial court that, "the statute as written is constitutionally defective" because the "requirement of dangerousness is missing from the statute," and also stated at the conclusion of trial that she "would appreciate the Commonwealth's addressing the dangerousness issue," she failed to cite any authority to the trial court regarding the constitutionality of the statute and she failed to obtain a ruling on her objection, if that is what it was. The trial court did not, therefore, address the constitutionality of the statute. Where the trial court has not ruled on an appellant's objection, "there is no ruling for [this Court] to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998).

We, thus, decline to address this assignment of error because it is not preserved.

### II. Conclusion

Coleman did not properly preserve either of her assignments of error in this case for appeal. Indeed, Coleman failed to develop her due process and equal protection arguments on brief, or otherwise support her assertions with any legal authority, and she failed to obtain a

ruling on her facial challenge to the constitutionality of the statute in the court below.  Thus, finding both assignments of error procedurally defaulted, we affirm.

<u>Affirmed.</u>