COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, Petty and Senior Judge Bumgardner


CHARLES ADAMS

MEMORANDUM OPINION[*]

v.      Record No. 2357-11-4                      PER CURIAM
                                                  MARCH 6, 2012

VIRGINIA EMPLOYMENT COMMISSION


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Joanne F. Alper, Judge

(Charles D. Adams, *pro se*, on brief).

(Kenneth T. Cuccinelli, II, Attorney General; Elizabeth B. Peay,
Assistant Attorney General - I, on brief), for appellee.


Charles Adams appeals from a June 17, 2011 final order of the circuit court granting the

Virginia Employment Commission's (the Commission) motion to dismiss Adams' petition for

judicial review of the Commission's finding that he is disqualified from receiving unemployment

benefits. Adams includes twenty-seven "questions presented" in his opening brief outlining his

grievances with his former employer. The Commission filed a motion to dismiss Adams' appeal

to this Court for Adams' failure to comply with numerous rules of this Court.

Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit.

Rule 5A:20 sets forth the requirements for an opening brief. Rule 5A:20(b) mandates

"[a] brief statement of the nature of the case and of the material proceedings in the trial court

which shall omit references to any paper filed or action taken that does not relate to the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

assignments of error." Adams included a lengthy "statement of case" including more argument than references to the material proceedings.

Effective July 1, 2010, Rule 5A:20(c) was revised to state that an appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Pursuant to the revised rules, this Court considers only assignments of error and, as such, will not consider issues listed as questions presented. Adams included no "assignment of error" and included no references indicating where any assignment of error was preserved in the trial court.

Rule 5A:20(d) requires "[a] clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record or appendix," and Rule 5A:20(e) mandates that the brief include "principles of law and the authorities" relating to each assignment of error. Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims . . . ." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). Appellant includes no references to any transcripts, statement of facts or the appendix. Nor does he include any principles of law or authority to support his arguments.

Rule 5A:18 states in pertinent part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the

ruling . . . ." As noted above, Adams makes no reference to where any objection was preserved and our review of the record indicates Adams did not even object to the final order from which he appeals.

Further, the appendix does not comply with Rule 5A:25 as it is incomplete, contains exhibits not part of the record, and fails to contain initial pleadings or even the order from which Adams appeals.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (*per curiam*). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Adams' opening brief also fails to comply with Rule 5A:4, and the appendix fails to comply with Rule 5A:24.

Despite receiving notice from the Court regarding the deficiencies with his brief and appendix and being advised he could request an extension of time to remedy the problems, Adams failed to correct any of the defects with his brief or appendix. We have previously stated that "'[a] court of review is entitled to have the issues clearly defined and to be cited pertinent authority.'" Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008)).

We have reviewed the record and find these defects in totality to be significant. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) ("[T]he Court of Appeals should . . . consider whether any failure to strictly adhere to the requirements of [the Rules of

Court] is insignificant."). Thus, we will not consider appellant's arguments on appeal.

Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Finally, we also note that the order from which Adams appeals to this Court addressed only the issue of whether the circuit court had jurisdiction over the case due to Adams' failure to comply with the mandatory requirements of Code § 60.2-625(A). Among his numerous allegations of error, at no point does he actually challenge the circuit court's ruling on that matter.

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.