COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


RENEE BAGLEY NUNNALLY

v.     Record No. 1947-12-2

DINWIDDIE DEPARTMENT OF SOCIAL SERVICES


RENEE BAGLEY NUNNALLY

                                                    MEMORANDUM OPINION[*] BY
v.     Record No. 1948-12-2                         JUDGE WILLIAM G. PETTY
                                                    SEPTEMBER 10, 2013
DINWIDDIE DEPARTMENT OF SOCIAL SERVICES


TIMOTHY B. NUNNALLY

v.     Record No. 1949-12-2

DINWIDDIE DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Pamela S. Baskervill, Judge

George H. Edwards (Law Office of Edwards and Belisle, on brief),
for appellant Renee Bagley Nunnally.

Marlene A. Harris for appellant Timothy B. Nunnally.

Joan M. O'Donnell for appellee.

Sherry L. Gill (Jacobs, Caudill & Gill, on brief), Guardian *ad litem*
for the infant children.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Renee Bagley Nunnally ("mother") and Timothy B. Nunnally ("father") appeal from an order of the Circuit Court of Dinwiddie County ("circuit court") terminating their parental rights.[1]  On appeal, mother presents three assignments of error:  (1) the circuit court erred in failing to transfer the case to the Citizen Potawatomi Nation District Court, Juvenile Division (the "tribal court"); (2) the circuit court erred in allowing the testimony of Dr. Arnold Stolberg and Dinwiddie Department of Social Services ("DSS") employees prior to rendering its decision on the motion to transfer; (3) the circuit court erred in allowing testimony from witnesses on events that occurred before the birth of the twins, who are the subject of the child custody proceedings below.

On appeal, father presents four assignments of error:  (1) the circuit court erred in denying father's motion to invalidate pursuant to 25 U.S.C. § 1914; (2) the circuit court erred in failing to transfer the case to the tribal court; (3) the circuit court erred in using Dr. Stolberg's testimony for the purposes of the motion to invalidate and the petitions to terminate parental rights; (4) the circuit court erred in granting DSS's petition to terminate parental rights.

<u>Procedurally Defaulted Argument</u>

In his first assignment of error, father argues that the circuit court erred in denying his motion to invalidate pursuant to 25 U.S.C. § 1914.  Father fails to cite even a single principle of law or authority to support his argument.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.'  Unsupported assertions of error 'do not merit appellate consideration.'"  <u>Fadness v. Fadness</u>, 52 Va. App. 833, 850, 667

---

[1] Mother and father filed separate appeals.  We have consolidated their appeals for the purposes of oral argument and this opinion.

S.E.2d 857, 865 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d

343, 345 (2008)). Indeed,

> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal."

Id. (alteration in original) (quoting Jones, 51 Va. App. at 734-35, 660 S.E.2d at 345).

Accordingly, if a party fails to strictly adhere to the requirements of Rule 5A:20(e) and that

failure is significant, then we may treat the assignment of error as waived. Id.

Father failed to provide any legal argument or authority. Because father's failure to

provide legal argument or authority is significant, he has waived his right to have this assignment

of error reviewed by this Court.

Motion to Transfer

Mother's first assignment of error and father's second assignment of error are identical.

Thus, we address them together. In these assignments of error, mother and father argue that the

circuit court erred in considering the best interests of the children in determining whether good

cause existed not to transfer the case to the tribal court. In announcing its finding of good cause

not to transfer, the circuit court referred to "the best interests of the children." The circuit court

also concluded that the proceedings were at an advanced stage when the motion to transfer was

filed and that the case could not be presented in a tribal court without undue hardship to the

parties or witnesses. Today, however, we have rejected the traditional "best interests of the

child" test in lieu of a more limited test involving an immediate serious emotional or physical

harm, or a substantial risk of such harm, to a child arising from the transfer. Thompson v.

<u>Fairfax Cnty. Dep't of Family Servs.</u>, ___ Va. App. ___, ___ S.E.2d ___ (Sept. 10, 2013).  In

<u>Thompson</u>, we also addressed the advanced stage of the proceedings and undue hardship

components of good cause.  We recognize that <u>Thompson</u> is a case of first impression and that

the standards we have announced amount to a middle ground approach to the issue of best

interests of the child.  We also recognize that the trial court relied on best interest, advanced

stage, and undue hardship in finding that there was good cause to retain jurisdiction.  We cannot

presume that its decision would have been the same in light of our decision in <u>Thompson</u>.

Because of this, we conclude that the circuit court and the parties should be afforded the

opportunity to reconsider this case in light of our newly adopted standards.

II.

For the foregoing reasons, we reverse the circuit court's decision on the motion to transfer,

vacate the order terminating the parental rights of mother and father, and remand for further

proceedings consistent with our opinion in <u>Thompson</u>, ___ Va. App. ___, ___S.E.2d ___ .[2]

<u>Reversed, vacated, and remanded.</u>

---

[2] In light of our decision on these assignments of error, we need not address mother's assignments of error two and three or father's assignments of error three and four.