COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

JESSICA FIELDS, S/K/A
  JESSICA FAITH FIELDS

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0526-15-3                            PER CURIAM
                                                       MARCH 29, 2016

RUSSELL COUNTY
  DEPARTMENT OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                              Michael Moore, Judge

              (Dollie M. Compton; C. Eugene Compton, P.C., on brief), for
              appellant.

              (Robert J. Briemann; Street Law Firm, LLP, on brief), for appellee.

              (Helen E. Phillips; A. Ross Phillips; Allen & Newman, PLLC, on
              brief), Guardian *ad litem* for the minor child.


       Jessica Faith Fields (mother) appeals the order terminating her parental rights to her child.

Mother argues that the trial court erred by finding that (1) the evidence was sufficient to prove that

mother did not, within a reasonable period of time, correct or eliminate the conditions which

resulted in the child being placed in, and remaining in, foster care; (2) the termination of parental

rights was in the child's best interests; (3) the alleged abuse and neglect presented a serious and

substantial threat to the child's life, health, or development; and (4) no relative placements were

available. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.[1]  See Rule 5A:27.

## BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Mother and Charles Brian Hale (father) are the biological parents of a child who was born in 2006.  The Russell County Department of Social Services (the Department) first became involved with the family in 2009; however, the child had earlier been removed from the home by social services departments in surrounding counties.  Prior to 2014, the child had been placed in foster care four times and was the subject of eight child protective services investigations.  The parents have a history of substance abuse and domestic violence.

On February 8, 2014, father and mother were charged with malicious wounding and conspiracy to maliciously wound after getting into a fight with father's sister.  The child was at the paternal grandmother's house at the time.  The paternal grandmother told the Department that she could not keep the child, so the child was placed in foster care for the fifth time.

On March 7, 2014, the Russell County Juvenile and Domestic Relations District Court (the JDR court) made a finding of abuse and neglect.

In March 2014, both parents were released from jail on bond pending their criminal trials. The Department offered services to the parents, but they refused to participate because they had previously participated in services when the child was in foster care before this last incident. The Department informed father that before the child would be returned home, father had to

---

[1] On February 19, 2016, the Department filed a motion to dismiss.  On March 7, 2016, mother filed a response.  Upon consideration thereof, the motion to dismiss is denied.

complete twelve parenting classes and twelve anger management classes. He also had to attend a Parenting and Family Values Group and submit to random drug screens. The Department informed mother that before the child would be returned home, mother had to complete twelve anger management classes and the Parenting and Family Values Group. She also had to submit to random drug screens. On three occasions, the Department arranged for parenting and anger management classes, but neither parent appeared at the appointments.

In July 2014, father and mother were arrested for violating the conditions of their bond. Father failed two drug screens, and mother failed to appear at three scheduled appointments. In September 2014, mother pled guilty to unlawful wounding and was released from jail after having been given credit for time served. In November 2014, father pled guilty to unlawful wounding and was released from jail after having been given credit for time served.

The Department investigated several relatives for placement. As noted above, the paternal grandmother indicated that she was unable to care for the child. The Department placed the child with a maternal great-aunt, but after one week, the great-aunt returned the child to the Department for "personal problems in her life." The Department investigated another maternal relative, but due to her living arrangements, she could not be an approved placement.

On September 24, 2014, the Department filed a foster care plan with the goal of adoption and a petition to terminate parental rights. On October 17, 2014, the JDR court entered an order that disapproved of the plan. The Department appealed the JDR court order.

On November 18, 2014, the Department filed a motion to amend the petition in order to assert additional grounds for termination of parental rights. On December 1, 2014, the circuit court entered an agreed order that allowed the Department to file an amended petition, which it did.

On January 23, 2015, the parties presented their evidence and argument. At the time of the hearing, father still had not started any of the Department's required classes, and mother had started, but not completed, any of the classes. Father admitted to being incarcerated approximately five times for a total of four or five years since the child was born. The trial court found that the parents have an "unstable lifestyle, multiple residences, multiple incarcerations, particularly for Mr. Hale, [and] employment has been an issue." At the conclusion of the hearing, the trial court held that it was in the child's best interests to terminate mother's and father's parental rights pursuant to Code § 16.1-283(C)(2). It also approved the foster care plan with the goal of adoption. This appeal followed.[2]

ANALYSIS

*Assignments of error #1 and 2*

Mother argues that the trial court erred in finding that the evidence was sufficient, and it was in the child's best interests, to terminate her parental rights pursuant to Code § 16.1-283(C)(2).[3]

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)

---

[2] Father also appealed the trial court's decision to terminate his parental rights. See Hale v. Russell Cty. Dep't of Soc. Servs., Record No. 0510-15-3.

[3] Code § 16.1-283(C)(2) states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

(citation omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." <u>Logan</u>, 13 Va. App. at 128, 409 S.E.2d at 463.

From the time of the child's removal in February 2014 until March 2014, mother was incarcerated until she was released on bail. After mother was released from jail, the Department informed mother of the required services she had to complete. Mother told the social worker that she did not need to participate in services because she had done so previously when the child was in foster care. Despite the Department setting several appointments for parenting classes and anger management classes, mother did not appear for her scheduled appointments.

Mother violated a condition of her bond by failing to appear for three scheduled appointments. She was arrested in July 2014 and remained incarcerated until September 2014. After she was released, mother started, but did not complete, any of the required classes.

Mother has a history of substance abuse. The trial court noted that mother has been on a "maintained program for years and years and years." Mother testified that she started using methadone in 2002 and then switched to suboxone in 2010. While she was incarcerated, she did not use methadone or suboxone; however, as soon as she was released, she started using again.

The Department presented evidence that on October 14, 2014, mother was at the courthouse and appeared to be under the influence. She submitted to a drug test and tested positive for suboxone, for which she had a prescription. The probation officer testified that mother was "very loud" and "very out of it." She could not keep her eyes open. The probation officer saw fresh needle marks on mother's thighs, where she injected the drug.

The trial court also was concerned about mother's stability. Since the child's birth, mother had resided in seven different homes. She testified that she and father acquired a new residence a few days before the hearing. There was conflicting testimony as to whether she was

living in the new house yet. Regardless, they had not told the Department about the house, so an inspection had not been done.

At the final hearing, the trial court recognized the Department's extensive involvement with the family. This was the child's fifth time being placed in foster care. Since the child's removal in February 2014, mother had not remedied any of the conditions that led to the child being placed in, and remaining in, foster care. The trial court stated that it was not "fair to [the child] to require her to wait any longer for these parents to get their act together." See Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990) ("It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities.").

Based on the circumstances, the trial court did not err in terminating mother's parental rights.

*Assignment of error #3*

Mother argues that the Department "failed to prove by clear and convincing evidence that the alleged abuse and neglect presented a serious and substantial threat to the child's life, health or development." Mother's assignment of error reflects language from Code § 16.1-283(B). However, the trial court stated at the final hearing that it was terminating mother's parental rights pursuant to Code § 16.1-283(C)(2). It did not mention Code § 16.1-283(B). The final order states:

> After careful consideration of the evidence presented, and the arguments made to the Court, this Court finds that the [Department] has proven, by clear and convincing evidence, that the parents have not, within a reasonable period of time, substantially addressed or corrected those things which caused this child to be placed in foster care, not just on one occasion, but on five separate occasions since her birth in 2006, and that it is extremely unlikely that they will ever do so.

In addition, mother did not cite any legal authority to support her argument.  See Rule 5A:20(e).

> A court of review is entitled to have the issues clearly defined and to be cited pertinent authority.  The appellate court is not a depository in which the appellant may dump the burden of argument and research.  To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises.  On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal.

Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734-35, 660 S.E.2d 343, 345 (2008)).  Accordingly, this Court will not consider mother's third assignment of error.  See Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Assignment of error #4*

Mother argues that the trial court erred by finding that there were no available relatives with whom the Department could place the child.  Mother asserts that her aunt was available to care for the child, except the Department disqualified the aunt because she was living with her boyfriend.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Mother's argument in her opening brief includes the following:  "The Appellee failed to prove by a preponderance of the evidence that relative placement was unavailable, pursuant to Va. Code Ann. Sec. 16.1-283 A1."  She provides no other principle of law or legal authority to support her argument.

Mother has the burden of showing that reversible error was committed.  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  Unsupported assertions of error "do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that mother's failure to comply with Rule 5A:20(e) is significant, so we will not consider the fourth assignment of error.  See Fadness, 52 Va. App. at 851, 667 S.E.2d at 866 ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention.").

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.