COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Alston
Argued at Chesapeake, Virginia


DONTE DEVAN MITCHELL

                                                                    OPINION BY
v.       Record No. 1400-11-1                          JUDGE ROSSIE D. ALSTON, JR.
                                                                    JULY 3, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James C. Hawks, Judge

(Patricia A. Cannon, on brief), for appellant.  Appellant submitting
on brief.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Donte Devan Mitchell (appellant) appeals his conviction for use of a firearm in the

commission of a robbery in violation of Code § 18.2-53.1, arguing that the evidence was

insufficient to prove that he in fact used a firearm.  Based on appellant's counsel's failure to cite

sufficient legal authority in support of appellant's argument on brief, we find that appellant has

waived review of this issue and decline to address it.

I.  Background

"On appeal, we review the evidence in the 'light most favorable' to the Commonwealth."

Whitfield v. Commonwealth, 57 Va. App. 396, 400, 702 S.E.2d 590, 592 (2010) (quoting

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)).

Appellant was convicted of robbery and use of a firearm in the commission of a robbery

based upon an incident at a Subway restaurant in August 2010.  At trial, Jessica Shannon, the

restaurant's cashier, testified that appellant approached the cash register, asked Shannon for change, and then demanded "all the money in the drawer."

Shannon stated that appellant, who was wearing baggy clothing, "pretended to have or did have a gun underneath his shirt." Appellant had concealed his right hand under his loose-fitting T-shirt so that Shannon could see only a protrusion pointed directly at her. Shannon candidly testified that she could not see appellant's hand under his shirt at all. Shannon testified that she believed there "could have been a gun" under appellant's shirt and that she complied with appellant's demands because she was afraid of being shot or beaten. Appellant never verbally threatened to shoot Shannon, and Shannon did not testify that she actually saw a firearm in appellant's possession. When the trial court asked Shannon whether she saw a gun in appellant's hand when he reached for the money in the register, Shannon replied, "No." Another store clerk, Kristin Brown, testified that she saw appellant reaching for the money in the register but did not testify that she saw appellant with a firearm.

On appeal, appellant challenges his conviction for use of a firearm in the commission of a robbery.[1]

## II. Analysis

Rule 5A:20(e) requires that an appellant's opening brief contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." "If [appellant] believe[s] that the circuit court erred, it [is his] duty to present that error to us with legal authority to support [his] contention." Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008).

> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a

[1] Appellant's petition for appeal regarding the sufficiency of the evidence in support of his conviction for robbery was denied by an order of this Court dated January 12, 2012.

depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises."

Jones v. Commonwealth, 51 Va. App. 730, 734-35, 660 S.E.2d 343, 345 (2008) (quoting People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989) (internal citations omitted)), aff'd in part and vacated in part, 279 Va. 52, 60, 688 S.E.2d 269, 273 (2010). "Unsupported assertions of error 'do not merit appellate consideration.'" Id. at 734, 660 S.E.2d at 345 (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).

The argument in appellant's opening brief consisted, in its entirety, of the following statement:

**STANDARD OF REVIEW**

SUFFICIENCY OF THE EVIDENCE: The Commonwealth is required to prove each and every element of the offenses beyond a reasonable doubt. Strawderman v. Commonwealth, 200 Va. 855, 108 S.E.2d 376 (1959).

**DISCUSSION OF THE ISSUE**

**THE COURT ERRED IN DENYING THE DEFENSE MOTION TO STRIKE THE COMMONWEALTH'S CASE BECAUSE THE EVIDENCE WAS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT USED A FIREARM IN THE COMMISSION OF A ROBBERY. ([P]reserved at App. 75-78, 110-112).**

Code § 18.2-53.1, in pertinent part, provides that: "It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery.
In the instant case, the only evidence presented to establish the use of a firearm was the testimony of the clerk that the defendant had his hand under his shirt when he told her to give him the money and there was a protrusion in her direction. Immediately afterwards, the defendant leapt onto he [sic] counter, and with the same hand the clerk testified that he had up under his

shirt, grabbed money from the drawer. The defendant never stated
he had a gun, no gun was ever seen by either clerk, and the
evidence in fact proved beyond a reasonable doubt that he did not
have a gun in his hand.

(Appellant's Br. at 8-9).

Thus, the only legal authorities cited in appellant's opening brief were <u>Strawderman v. Commonwealth</u>, 200 Va. 855, 108 S.E.2d 376 (1959), and Code § 18.2-53.1. Not only are these citations insufficient to satisfy Rule 5A:20(e), but appellant's counsel's citation to <u>Strawderman</u> pertains to the burden of proof in a criminal prosecution, rather than the standard of review on appeal. In addition, counsel also waived oral argument, thus precluding an opportunity for counsel to supplement the glaring deficiencies of the brief through formal oral argument before this Court.

Even the most cursory research on the issue raised by appellant would have revealed published authority addressing his argument. <u>See</u> <u>Courtney v. Commonwealth</u>, 281 Va. 363, 706 S.E.2d 344 (2011); <u>Powell v. Commonwealth</u>, 268 Va. 233, 602 S.E.2d 119 (2004); <u>Yarborough v. Commonwealth</u>, 247 Va. 215, 441 S.E.2d 342 (1994); <u>McBride v. Commonwealth</u>, 24 Va. App. 603, 484 S.E.2d 165 (1997); <u>Elmore v. Commonwealth</u>, 22 Va. App. 424, 470 S.E.2d 588 (1996); <u>Byers v. Commonwealth</u>, 23 Va. App. 146, 474 S.E.2d 852 (1996); <u>Cromite v. Commonwealth</u>, 3 Va. App. 64, 348 S.E.2d 38 (1986). In fact, the Commonwealth's brief contained a discussion of some of these same cases, alerting appellant to their relevance.

It is well established in the Commonwealth of Virginia that evidence that an individual "may have had" a firearm in his possession creates merely a suspicion of guilt. <u>Yarborough</u>, 247 Va. at 218-19, 441 S.E.2d at 344. Moreover, the fact that a victim merely thought that an assailant was armed is insufficient to prove that he actually possessed a firearm. <u>Id.</u> To be sure, counsel could have, at a minimum, relied on <u>Yarborough</u> or any of the cases cited *supra* in

support of her argument that the evidence in the instant case was insufficient to prove appellant's guilt. Instead, appellant's brief is utterly devoid of any case law or legal argument with which to judge the correctness or viability of appellant's position on the issues he raises on appeal.

While we recognize that failure to comply with Rule 5A:20(e) is not jurisdictional, Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), "'strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions[,] which is essential to an accurate determination of the issues raised on appeal.'" Jones, 51 Va. App. at 735, 660 S.E.2d at 345 (quoting Trimble, 537 N.E.2d at 364). Counsel's failure to cite sufficient legal authority, as required by Rule 5A:20(e), is so significant in this case that we are compelled to find that appellant has "waived [his] right to have these issues reviewed by this Court." Fadness, 52 Va. App. at 851, 667 S.E.2d at 866.

## III. Conclusion

For the foregoing reasons, we hold that appellant has waived consideration of his argument under Rule 5A:20(e). Therefore, the judgment of the trial court is affirmed.

Affirmed.