COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Kelsey, Beales and Senior Judge Clements


JUSTIN S. KRAMER

v.     Record No. 1502-12-3

ANGELA M. KRAMER

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 12, 2013


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

(Justin S. Kramer, *pro se*, on briefs).

(Brian R. Moore; Phillips, Morrison, Johnson & Ferrell, L.L.P., on
brief), for appellee.


Justin S. Kramer (husband) appeals a final decree of divorce. Husband argues that the trial

court erred by (1) ignoring his objections to the proposed final decree drafted by counsel for Angela

M. Kramer (wife); (2) denying him custody of his child and reducing his visitation "solely on the

objections made by third parties, unsubstantiated allegations made by third parties and/or prejudice

of the court because of its personal opinion of a natural parent"; (3) violating his due process rights

by denying him "adequate access to expert testimony reports and/or other evidence"; (4) "treat[ing]

[husband] disrespectfully, attempt[ing] to intimidate [husband] from presenting his entire case in

violation of [husband's] due process rights and, otherwise, treat[ing] [husband] disparately";

(5) "failing to consider all appropriate information in rendering its final decision"; (6) failing to

correct the final decree of divorce after receiving evidence that it erred in its final decision;

(7)"act[ing] with passion and prejudice against [husband] and in favor of [wife] and her legal

counsel"; (8) refusing to consider transportation costs for visitation as a deviation from the child

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

support guidelines; (9) calculating child support with incorrect income and health insurance costs; (10) ruling that the grounds of divorce would be based on living separate and apart for more than one year; (11) not addressing husband's debts in the equitable distribution award; (12) "allowing several unsubstantiated clauses that weren't even argued nor a part of the Court's ruling to be included in the Final Divorce Decree"; (13) ruling that husband would be responsible for the child's health insurance; (14) allowing wife to relocate with the parties' minor child; (15) showing "personal animosity" toward husband and not disqualifying itself; (16) "refusing to read and review evidence entered"; (17) refusing to hear several of husband's motions; (18) awarding attorney's fees and costs to wife; and (19) not providing sufficient detail in its order so as "to prevent further conflict and litigation."[1] Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.[2] See Rule 5A:27.

## BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on January 23, 2010 and have one child who was born in April 2011. The parties separated in early May 2011.

---

[1] Wife mentions in her brief that husband listed only four assignments of error in his designation. The Court notes that he also listed seven questions presented in his designation. Wife addressed all nineteen assignments of error in her brief. Accordingly, there is no prejudice to wife for us to consider the nineteen assignments of error listed in husband's opening brief.

[2] Wife filed a motion to dismiss. Husband filed a motion for sanctions with this Court because he asserted that the motion to dismiss was a frivolous motion. Husband subsequently filed a motion for default judgment, and wife filed a "renewed" motion to dismiss. Upon consideration thereof, husband's motion for sanctions and motion for default judgment are denied. Wife's motions to dismiss are denied.

On May 24, 2011, husband filed a complaint for divorce based on grounds of cruelty and constructive desertion.

On July 12, 2011, the trial court entered a *pendente lite* order, which allowed wife to live with the child in South Carolina. The *pendente lite* order also established the parties' incomes and the cost of the child's health insurance for a determination of child support.

The parties appeared before the trial court on several other motions prior to the final hearing in June 2012. After hearing the evidence and argument, the trial court issued a letter opinion on July 20, 2012 and asked each party to submit proposed final decrees of divorce. On August 16, 2012, the trial court notified the parties that it reviewed the proposed decrees and accepted the final decree of divorce drafted by wife's counsel. The trial court also indicated that it "carefully considered" husband's objections to the decree drafted by wife's counsel. The trial court entered the final decree on August 17, 2012.[3] Husband did not file a motion to reconsider.

ANALYSIS

Assignments of error 1, 4, 5, 7, 15, 16, 17, and 19

Husband argues that the trial court did not treat him fairly and ignored him. At one point in his brief, husband states, "There are instances, too many to list here, in which Appellant was abused by the court." At no point does husband point to a specific ruling or instance where the trial court overruled his objection. Husband's brief contains many general statements that he did not believe that the trial court treated him the same as wife's counsel.

---

[3] The final decree of divorce contains a clerical error, as it fails to state that it adjudged, ordered and decreed that husband was divorced from wife. The final decree's statement, "The parties are entitled to a divorce *a vinculo matrimonii* pursuant to section 20-91(9) of the Code of Virginia upon the Defendant's motion pursuant to section 20-121.02 of the Code of Virginia," is insufficient to dissolve the bonds of matrimony between the parties. Therefore, we remand the final decree of divorce to the trial court in order that it can correct the clerical error and add the necessary language to dissolve the parties' marriage. See Code § 8.01-428(B).

This Court is unable to rule on whether the trial court erred when husband lists general complaints about how he was treated by the trial court. Husband does not cite a specific ruling to which he objects. Where the trial court does not rule on an appellant's objection, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). An appellate court can only "'determine whether or not the rulings and judgment of the court below . . . were correct.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 493 (1942)).

Assignment of Error 2

Husband argues that the trial court erred in not awarding him custody and in decreasing his visitation. He contends the trial court "demonstrated its prejudice against [husband] by rendering unfair and unworkable orders."

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Husband cites Palmore v. Sidoti, 466 U.S. 429 (1984), to support his argument. Palmore discussed a custody situation when a white mother married an African-American man. Id. Appellant's citation to Palmore is irrelevant to the facts and analysis of this case and insufficient to satisfy the requirements of Rule 5A:20(e). See Mitchell v. Commonwealth, 60 Va. App. 349, 727 S.E.2d 783 (2012). Appellant's "failure to cite sufficient legal authority, as required by Rule 5A:20(e), is so significant in this case that we are compelled to find that appellant has 'waived [his] right to have these issues reviewed by this Court.'" Id. at 354-55, 727 S.E.2d at 786 (quoting Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008)).

For the third, ninth, tenth, thirteenth, fourteenth, and eighteenth assignments of error, husband did not cite any legal authorities. See Rule 5A:20(e).

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider these assignments of error. See Fadness, 52 Va. App. at 851, 667 S.E.2d at 866 ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

### Assignments of Error 6 and 12

Husband contends the final decree of divorce included erroneous information and clauses not argued or part of the trial court's ruling. In his brief, husband included several pages of proposed corrections to the final decree. He includes citations to documents in his appendix to show that he presented these issues to the trial court;[4] however, the trial court's record does not

---

[4] Husband acknowledges that he did not file any post-trial motions, including a motion to reconsider, with the trial court.

contain the documents cited in husband's appendix. Therefore, there is no indication that the trial court received those documents.[5] An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

Without a complete record, we are unable to determine whether the trial court erred.

### Assignment of Error 8

For his eighth assignment of error, husband states, "the trial court erred by refusing to consider long distance transportation costs for visitation as a deviation from the normal child support guidelines." However, his argument does not reflect the assignment of error. Instead, he argues that the trial court erred by ruling that wife was a resident of South Carolina and "allowed [wife] to move hundreds of miles away for no good reason." He further explains, "Said decision was not even requested by Appellee and her legal counsel." At no time does he address the issue in his assignment of error. Therefore, this assignment of error is waived. See Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) (citation omitted) ("Failure to adequately brief an assignment of error is considered a waiver.").

---

[5] The documents in the appendix do not include the trial court's date stamp. We note that the trial court indicated that it considered husband's objections to the proposed decree submitted by wife's counsel, but the record does not include written objections submitted by husband.

<u>Assignment of Error 11</u>

Husband argues that "the trial court erred by not addressing [his] debts on equitable distribution."

> Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, . . . the court, upon request of either party, . . . shall determine the nature of all debts of the parties, or either of them, and shall consider which of such debts is separate debt and which is marital debt.

Code § 20-107.3(A).

As husband points out, the trial court stated in its letter opinion, "The marital debt will be allocated to Mr. Kramer and each party shall be responsible for any other debt in his or her name." In addition, the final decree states,

> Debts: The marital debt is allocated to the Plaintiff [husband] and each party shall be responsible for any other debt in his or her name. The marital debts allocated to the Plaintiff [husband], shall include the debt owed to Centra Health for approximately $1609.57 as of April 1, 2011 and set forth in Defendant's [wife's] Exhibit E.

Accordingly, the trial court did address the debts, and there is no error.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. The case is remanded to the trial court to correct the clerical error in the final decree of divorce by including the requisite language that the trial court adjudged, ordered, and decreed that the husband is divorced from the wife.

<u>Affirmed and remanded.</u>