COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


BENTON HITT MAYO

                                                MEMORANDUM OPINION* BY
v.        Record No. 2385-11-4             JUDGE ROSEMARIE ANNUNZIATA
                                                FEBRUARY 19, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge

Marvin D. Miller (Law Offices of Marvin D. Miller, on briefs), for
appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellee.


Benton Hitt Mayo appeals his conviction of possession of cocaine, in violation of Code

§ 18.2-250.  In five assignments of error, appellant argues the trial court erred by refusing to allow

counsel to orally state the legal arguments in support of his motion to suppress and that the trial

court erred by denying his motion to suppress.[1]  Appellant withdrew the first assignment of error

regarding the inability to orally argue the grounds in support of suppression.  Appellant stated in his

opening brief that this Court "need not decide" the issue based on the *de novo* review for the

remaining assignments of error.  Therefore, we do not address the first assignment of error[2] and

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge R. Terrence Ney entered the orders denying appellant's motion to suppress the evidence and motion to reconsider the denial of the motion to suppress.  Judge Bruce D. White presided over the trial and entered the final order of conviction.

[2] We note that any possible error from the trial court denying appellant the opportunity to state the legal arguments in support of his motion to suppress was negated by his filing of the written motion to reconsider the ruling in which he made all the arguments he would have stated

consider only the assignments of error challenging the trial court's denial of the motion to suppress. In the remaining assignments of error, appellant contends: (1) the trial court erred by denying the motion to suppress without making findings of fact, conclusions of law, and without citing any authority; (2) the trial court erred in refusing to suppress the evidence because there was no legitimate, articulable basis for the warrantless search; (3) the trial court erred by refusing to suppress the evidence because there was no valid consent; and (4) the trial court erred by refusing to suppress the evidence because warrantless searches are *per se* unreasonable and the prosecution failed to carry its burden of proving a recognized exception to the warrant requirement. We disagree.

First, we note that appellant failed to make any argument or to cite any authority in support of his contention that the trial court erred by ruling on the motion to suppress without making findings of fact, conclusions of law, and without citing authority for its ruling.

> Rule 5A:20(e) requires that an appellant's opening brief contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." "If [appellant] believe[s] that the circuit court erred, it [is his] duty to present that error to us with legal authority to support [his] contention." Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008).
>
> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of, the correctness of, [appellant's] position on the issues he raises." "Unsupported assertions of error 'do not merit appellate consideration.'"

Mitchell v. Commonwealth, 60 Va. App. 349, 352, 727 S.E.2d 783, 784 (2012) (citations omitted).

Nevertheless, it is well settled that a trial court is not required, unless otherwise directed by statute,

---

in open court. After the Commonwealth filed a written response, the trial court denied the motion to reconsider. The matter was fully before the trial court despite no oral argument.

to state its findings of fact, conclusions of law, or cite authority for its decision. See Fitzgerald v. Commonwealth, 223 Va. 615, 627-28, 292 S.E.2d 798, 805 (1982); Bennett v. Commonwealth, 33 Va. App. 335, 345, 533 S.E.2d 22, 27 (2000) (*en banc*). Therefore, we will not further consider this alleged error. Appellant's next three assignments of error conform to Rule 5A:20.

The Court directed the parties to brief whether the trial transcript, which was not made part of the record, was necessary to reach the merits of the claims challenging the denial of the motion to suppress. In reviewing a trial court's ruling on a motion to suppress, this Court reviews the "evidence adduced at both the trial and the suppression hearing." Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994). However, appellant and the Commonwealth agreed that, in this particular case, the incidents at trial were not necessary to reach the merits. We accept the parties' representations and find that the trial transcript is not indispensable to the cause.

All issues are resolved by this Court's finding that the encounter between appellant and the arresting officer was consensual.

> On appeal, we apply a *de novo* standard of review in determining whether a person has been seized in violation of the Fourth Amendment. McCain v. Commonwealth, 261 Va. 483, 489, 545 S.E.2d 541, 545 (2001). However, we also must review findings of historical fact for clear error and give due weight to inferences drawn from those facts. Ornelas v. United States, 517 U.S. 690, 699 (1996); Reittinger v. Commonwealth, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000).

Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003). "In reviewing the denial of a motion to suppress evidence claiming a violation of a person's Fourth Amendment rights, we consider the facts in the light most favorable to the Commonwealth, the prevailing party at trial." Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008).

Viewing the facts in this light, the evidence proved that Officer J.P. Weeks pulled appellant over for driving a vehicle with a cracked windshield. Weeks noted appellant was abnormally nervous and overly friendly. After advising appellant of the reason for the stop and

asking for appellant's license, Weeks asked appellant to step out of the car. Weeks asked appellant if he had any criminal history, particularly narcotics or weapons arrests. Appellant reported he had two prior disorderly conduct convictions. Weeks directed appellant to return to his car. Weeks took the license to the patrol car and ran a license and criminal record check. The record check indicated appellant had a narcotics arrest and was on probation in Washington, D.C. Based on appellant's omission of this information, Weeks called for a backup officer. When the backup officer arrived, Weeks finished writing a warning summons for the cracked windshield. Notably, both police cars were parked behind appellant's vehicle. Weeks asked appellant to exit his vehicle again. The backup officer took a tactical position on the sidewalk about five or six feet away from appellant. Both officers were in uniform, displaying their badges of authority, and had marked police cars.

Eight minutes after the stop was initiated, Weeks returned appellant's license to him together with the warning summons, whereupon he immediately asked appellant, "Would you mind if I search you for weapons?" Appellant responded, "Yeah, go ahead." Weeks conducted a pat-down search of appellant and noticed appellant's boots were loosely laced. Weeks asked appellant if he would voluntarily take his boots off and appellant stated, "Sure . . . ." Weeks found crack cocaine in the boots within a minute of searching appellant and his boots.

Appellant does not challenge the lawfulness of the stop of his vehicle for the traffic infraction of the cracked windshield. Appellant argues instead that Weeks exceeded the scope of the traffic investigation and did not obtain valid consent to search. "Our analysis begins with the general rule that 'a search authorized by consent is wholly valid.' 'Consent loses its validity only if it is involuntary, or the product of a manipulative "exploitation" by the police of an earlier unconstitutional search or seizure.'" Ellis v. Commonwealth, 52 Va. App. 220, 226, 662 S.E.2d 640, 643 (2008) (citations omitted).

- 4 -

There is no "litmus test" for determining whether an encounter is consensual or constitutes an illegal seizure. If, however, a reasonable person would not feel free to decline an officer's requests or would not feel free to leave, the encounter is not consensual and constitutes an illegal seizure under the Fourth Amendment.

Various factors have been identified as relevant in determining whether a seizure has occurred, including the threatening presence of a number of police officers, the display of weapons by officers, physical contact between an officer and a citizen, an officer's language or tone of voice compelling compliance, the retention of documents requested by an officer, and whether a citizen was told that he or she was free to leave. The decision whether the encounter was consensual must be made based on the totality of the circumstances.

Harris, 266 Va. at 32, 581 S.E.2d at 209 (citations omitted).

In Harris, the officer stopped Harris for a defective equipment violation. Harris did not have his license or registration, and gave the officer his social security card instead. The officer asked Harris to exit his vehicle. When the officer verified Harris had a valid operator's permit, he determined he would not charge Harris and he returned the social security card. Notwithstanding that the traffic investigation had concluded, see id. at 33, 581 S.E.2d at 210, the officer failed to advise Harris that no charges would issue or that he was free to leave. Rather, the officer asked Harris if he had anything illegal in his car. Harris replied he did not. When asked for permission to search, Harris consented.

On appeal, the Supreme Court of Virginia found that the encounter was not consensual and that Harris was seized for purposes of the Fourth Amendment; underscoring that, when consent for the search was given, "Harris knew he had committed a traffic violation[,] . . . knew he had not complied with the officer's request for his driver's license and vehicle registration[,] . . . [and the] officer did nothing to indicate to Harris that he was no longer subject to detention

- 5 -

for a traffic violation." [3]  Based on those circumstances, the Court concluded that "a reasonable person would not have known that the investigation of the traffic offense had terminated and . . . would not have felt free to disregard the officer's questions or have felt free to leave."  Id.

Here, the traffic investigation ended once the officer returned the license to appellant and issued the warning.  Upon handing the two documents to appellant, Weeks immediately asked him for permission to search and appellant complied without hesitation or qualification.  Although appellant had not been advised he was free to leave before the officer's questioning began, a reasonable person would have known that the investigation for the traffic violation had concluded at that point.  See id. ("The failure to affirmatively inform [appellant] that he was free to leave does not by itself require a finding that the ensuing encounter was non-consensual.").  Based on those facts, we conclude that when the officer sought permission to search appellant's vehicle, the encounter was consensual and appellant was not seized for purposes of the Fourth Amendment.

Appellant's reliance on Reittinger is misplaced.  Reittinger was stopped in a rural area in the nighttime because his van had "only one operable headlight."  260 Va. at 234, 532 S.E.2d at 26.  During the stop, two armed deputies stood, one on each side of the vehicle.  Although Reittinger was advised he was free to leave when the investigation of the offense was completed, one of the deputies asked him for consent to search the vehicle.  When Reittinger did not respond, the deputy asked a second and third time for consent to search.  These requests for permission to search were made even though the deputy admitted that he "'had no reasonable and articulable suspicion of criminal activity on the part of [Reittinger].'"  Id. at 236-37, 532 S.E.2d at 27-28.  The Court concluded that "a reasonable person, under the circumstances, would

---

[3] The Court further noted that "Harris remained in the presence of two armed, uniformed police officers and two patrol vehicles with activated flashing lights."  Harris, 266 Va. at 33, 581 S.E.2d at 210.

- 6 -

[not] have considered that he was free to disregard the deputies and simply drive away." Id. at 237, 532 S.E.2d at 28.

Unlike the facts in Reittinger, here the evidence established that, after issuing appellant the warning summons, Weeks sought appellant's consent to search his car, which appellant readily gave. No repeated requests for consent were made, and appellant's exit from the scene was not otherwise delayed as occurred in Reittinger.[4] The traffic infraction was investigated and completed within eight minutes. United States v. Digiovanni, 650 F.3d 498, 507 (4th Cir. 2011) ("We have emphasized that 'the maximum acceptable length of a routine traffic stop cannot be stated with mathematical precision.'" (citing United States v. Branch, 537 F.3d 328, 336 (4th Cir. 2008))). The request, consent, and ensuing search were completed within another minute. The backup officer kept his distance from appellant, and neither officer displayed their weapons; they did not block appellant's car, and his egress was unhindered. The evidence demonstrated no overbearing show of authority by the officer or "the use of language or tone of voice indicating that compliance with the officer's request might be compelled." United States v. Mendenhall, 446 U.S. 544, 554 (1980) (citation omitted). Under these circumstances, a reasonable person would have recognized that the traffic investigation was concluded and that he was free to leave and refuse the officer's request to search. Appellant's consent to the requested search was, thus, freely given and the search that followed did not violate appellant's Fourth Amendment rights.

---

[4] In discussing the facts that distinguish Reittinger, the dissent in Harris pointed out that, "'"accusatory, persistent, and intrusive"' questioning may turn an otherwise voluntary encounter into a coercive one if it conveys the message that compliance is required[.]" Harris, 266 Va. at 37, 581 S.E.2d at 212 (Kinser, J., dissenting) (citing United States v. Hernandez, 93 F.3d 1493, 1499 (10th Cir. 1996) (quoting United States v. Little, 60 F.3d 708, 712 (10th Cir. 1995))).

Accordingly, we find that the trial court did not err in concluding appellant was not illegally detained and that the ensuing search was consensual. We affirm the decision of the trial court.

Affirmed.