COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Malveaux
Argued at Richmond, Virginia


MAILE L. COLLIER

v.      Record No. 1194-18-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE MARLA GRAFF DECKER
MAY 28, 2019


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge Designate

Steven P. Hanna for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Maile L. Collier appeals her conviction for obtaining less than $200 in cash by false

pretenses, in violation of Code § 18.2-178. On appeal, she contends that the evidence was

insufficient to support her conviction. We hold that the appellant's single assignment of error is

procedurally defaulted under Rule 5A:20(e). Consequently, we affirm the conviction without

addressing the assignment of error on the merits.

I. BACKGROUND[1]

The appellant was charged with two counts of uttering forged checks, related to her

deposit into her account at SunTrust Bank of two checks drawn on the account of a Frank

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] When considering a challenge to the sufficiency of the evidence on appeal, this Court "views the evidence, and all inferences reasonably drawn from it, in the light most favorable to the Commonwealth," the party who prevailed in the trial court. Reid v. Commonwealth, 65 Va. App. 745, 753 (2016) (quoting Muhammad v. Commonwealth, 269 Va. 451, 536 (2005)).

Rodrigues, Jr. She was also charged with obtaining money of less than $200 by false pretenses, based on withdrawing $100 from her SunTrust account.

The evidence at trial pertained to a series of financial transactions in which the appellant engaged with SunTrust between May 7 and June 1, 2015. That evidence proved that the appellant opened her SunTrust account on May 7 with a small initial deposit. By May 19, she had overdrawn that account by $62.

On May 20, the appellant deposited a check for $3,000 into her account. Two days later, on May 22, she deposited a second check in the amount of $3,200. Both checks were drawn on the account of Frank J. Rodrigues, Jr., at a bank in Hawaii. SunTrust received notice on May 27 and 28 that neither check was honored when presented to the Hawaiian bank for payment. SunTrust provided the appellant with copies of the rejected checks and immediately removed the funds from her account.

In addition to the Rodrigues checks, the appellant deposited a third check, written for $5,000, on May 24. That check was drawn on the Citibank account of Andrea Y. Jackson. The Jackson check was also returned without payment. That return and the corresponding debit of the appellant's account occurred on May 28.

During roughly the same time period, between May 21 and 26, the appellant made three cash deposits totaling $110. She also made a series of withdrawals. Between May 22 and 26, before the three large checks were dishonored, the appellant withdrew approximately $2,100 from her SunTrust account, including a telephone transfer of $1,500 to another SunTrust account. On May 28, one day after the first Rodrigues check was dishonored and on the same day as the dishonoring of the other two checks, the appellant made a cash withdrawal of $2,900 at a SunTrust branch different than the one she had routinely used previously.

SunTrust closed the appellant's account on June 1 because it was overdrawn by more than $5,000.

The Rodrigues checks and the records for the appellant's SunTrust account were admitted into evidence through Deborah Lagory, a security investigator and records custodian for the bank. However, the trial court sustained the appellant's hearsay objection to Lagory's proffered testimony regarding why the Hawaiian bank dishonored the Rodrigues checks. At the prosecutor's request, the judge compared the handwriting on the two Rodrigues checks and found that the signatures were "not the same."

Detective Thomas Ewers of the Petersburg Bureau of Police was permitted to provide limited testimony about Rodrigues. Ewers explained that he had been unsuccessful in his efforts to contact the man during his investigation. The detective testified that he obtained information that Rodrigues may have died by the time of the police investigation, but he did not know the date of that death.

At the close of the Commonwealth's evidence, the appellant moved to strike the two uttering charges, arguing in part that the evidence was insufficient due to the lack of evidence concerning why the checks were not honored. The trial judge granted the motion, noting that while the signatures on the two Rodrigues checks were not the same, no evidence "indicate[d] what [Rodrigues'] real signature look[ed] like."

Following the trial court's ruling on the motion to strike the uttering charges, the appellant presented no evidence. She "argu[ed] . . . reasonable doubt" regarding the false pretenses charge. The appellant contended that in the absence of evidence regarding why the Rodrigues checks were not honored on May 27 and 28, the Commonwealth could not prove that she had the intent to defraud when she withdrew $100 on May 22. The trial court ruled that the circumstantial evidence was sufficient to prove the challenged element of intent to defraud.

Accordingly, it convicted the appellant of obtaining money by false pretenses and sentenced her to twelve months in jail.

## II. ANALYSIS

The appellant argues that the "trial court erred in finding the evidence sufficient" to support her conviction for obtaining money by false pretenses "given its . . . ruling that the [reason] why the [Rodrigues] checks were not honored was inadmissible hearsay." The Commonwealth responds that the appellant's conviction should be affirmed because her brief fails to comply with the requirements of Rule 5A:20(e) and, additionally, the circumstantial evidence supports the trial court's finding that she acted with the requisite intent to defraud.[2]

Rule 5A:20(e) requires that an appellant's opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." It is the burden of the appellant, not the appellate court, to research the legal issues and provide argument in support of reversal. See Jones v. Commonwealth, 51 Va. App. 730, 734 (2008), aff'd in part, vacated in part on other grounds, 279 Va. 52 (2010). Thus, pursuant to the rule, "[u]nsupported assertions of error '"do not merit appellate consideration."'" Bartley v. Commonwealth, 67 Va. App. 740, 744 (2017) (quoting Jones, 51 Va. App. at 734). Further, "'when a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant,' this Court may treat the [assignment of error] as waived." Id. (quoting Parks v. Parks, 52 Va. App. 663, 664 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520 (2008))). "To ignore [the] rule by addressing the case on the merits" under such circumstances would improperly "require this [C]ourt to be an advocate for, as well as the judge of the correctness of, [the appellant's] position on the issues he [or she] raises." Jones, 51 Va. App. at 734-35 (quoting People v. Trimble, 537 N.E.2d

---

[2] The appellant did not exercise her option to file a reply brief, as permitted by Rule 5A:19(c)(3), in response to the Commonwealth's argument asserting a procedural bar under Rule 5A:20(e).

363, 364 (Ill. App. Ct. 1989)).  Virginia's "criminal case law is replete with instances [in which] counsel's failure to comply with Rule 5A:20(e) deprived the appellant of the opportunity to have the issue decided on the merits."  Bartley, 67 Va. App. at 746 n.4 (citing cases).

In the appellant's case, her sole assignment of error challenges the sufficiency of the evidence to prove her guilt for "obtaining money by false pretense given [the trial court's] earlier ruling that the basis of why the checks were not honored was inadmissible hearsay."  The assignment of error *does not* challenge the exclusion of the evidence regarding why the checks were not honored, a ruling that the trial court made in the appellant's favor.  The trial court sustained the appellant's objection to Lagory's proffered testimony concerning why the checks were not honored.  Further, no evidence in the record indicates that the trial court, after making that ruling, improperly considered the reason the checks were not honored as any part of the basis for its finding of guilt.  See Smith v. Commonwealth, 280 Va. 178, 184 (2010) (noting that "[a] judge . . . is uniquely suited by training, experience and judicial discipline . . . to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both" (first alteration in original) (quoting Eckhart v. Commonwealth, 222 Va. 213, 216 (1981))); Yarborough v. Commonwealth, 217 Va. 971, 978 (1977) (recognizing that a trial judge is presumed to know and properly apply the law "[a]bsent clear evidence to the contrary in the record"), cited with approval in Angel v. Commonwealth, 281 Va. 248, 269 (2011).

The appellant's brief, however, sets out only the standard of review for the *admissibility* of the evidence that was actually excluded, a ruling not challenged by the assignment of error.  The brief directly cites a single case, Jones v. Commonwealth, 38 Va. App. 231 (2002), which addresses only the admissibility of business records over hearsay and undue prejudice objections.  The brief specifically references the inapposite case for the standard of review.  It does not set out the standard of review for analyzing the sufficiency of the evidence, the only aspect of the trial court's

ruling actually challenged by the assignment of error. It also provides no framework for the analysis of circumstantial evidence to prove an offense.

Additionally, the argument section of the brief does not contain any legal authorities. It does not cite the statute defining the crime of false pretenses or any case law listing the elements of the challenged offense.[3] Further, the argument section provides no authority in support of its critical assertion that absent any evidence that the appellant knew "why the checks from Hawaii were no[t] honored" and knew it before she withdrew the funds at issue from her account, there was "not any other competent evidence [of intent], circumstantial or direct, which was sufficient to convict" her. Finally, she provides no additional explanation for why the exclusion of evidence regarding the basis for the dishonoring of the checks was fatal to the sufficiency of the evidence to support her conviction for obtaining money by false pretenses.[4]

Settled principles provide that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." Bartley, 67 Va. App. at 746 (alteration in original) (quoting Sneed v. Bd. of Prof'l Resp., 301 S.W.3d 603, 615 (Tenn. 2010)). "If [a] part[y] believe[s] that the circuit court erred, it [is that party's] duty to present that error to [the appellate court] with legal authority to support the[] contention." Fadness v. Fadness, 52 Va. App. 833, 851 (2008). "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." Bartley, 67 Va. App. at 746 (quoting Sneed, 301 S.W.3d at 615).

---

[3] The brief cites the statute only in noting the crime of which the appellant was convicted.

[4] The Commonwealth, on brief, cited numerous Virginia cases addressing the elements of the offense. It also addressed the specific pieces of circumstantial evidence with which it suggested that it had proved those elements. The Commonwealth relied in part on the evidentiary value of the appellant's deposit of three large worthless checks over a period of about a week. The appellant "did not challenge the Commonwealth's . . . authority in a reply brief nor did [s]he [specifically] address it at oral argument." See Bartley, 67 Va. App. at 745 n.2.

Applying these established principles to the facts of this case, we conclude that the deficiencies in the appellant's brief are significant and, as such, require treating her single assignment of error as waived. See, e.g., Mitchell v. Commonwealth, 60 Va. App. 349, 353-55 (2012). Consequently, we affirm the appellant's conviction without addressing the merits of the assignment of error.[5]

### III. CONCLUSION

For these reasons, we hold that the demonstrated deficiencies in the appellant's brief are significant. Thus, we apply Rule 5A:20(e) to conclude that her single assignment of error is waived, and we affirm her conviction without considering the claim of error on the merits.

Affirmed.

---

[5] We adhere in our ruling to principles of "judicial restraint dictat[ing] that we decide cases '"on the best and narrowest grounds available."'" Commonwealth v. Swann, 290 Va. 194, 196 (2015) (quoting McGhee v. Commonwealth, 280 Va. 620, 626 n.4 (2010)); see Geouge v. Traylor, 68 Va. App. 343, 377 (2017).