COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Causey

GODDAY O. ABUEDE

MEMORANDUM OPINION[*]

v.      Record No. 0359-22-2               PER CURIAM
                                          JULY 18, 2023

GLORIA E. WSZOLEK

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Lee A. Harris, Jr., Judge

(Godday O. Abuede, on briefs), *pro se*. Appellant submitting on
briefs.

(Benjamin S. Tyree; Coates & Davenport, P.C., on brief), for
appellee. Appellee submitting on brief.


Godday O. Abuede ("father") appeals the trial court's order establishing the parties'

obligations to pay child support, childcare and medical expenses for their two children, as well as

the trial court's award of attorney fees to Gloria E. Wszolek ("mother"). For the following reasons,

we affirm the trial court's decision.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On September 10, 2021, the juvenile and domestic relations district court entered an order establishing father's child support obligations. Father appealed to the trial court, and on January 10, 2022, the trial court held a hearing on father's appeal.[2]

The trial court, after considering evidence and testimony, determined the parties' monthly income. Father's income included additional income earned from his Lyft/Uber/Point Pickup work. This additional income amount was agreed upon by counsel after joint review of bank records. The trial court held that father was solely responsible for the monthly work-related childcare costs. Counsel stipulated to the parties' health care costs.

Based on the parties' changing incomes and childcare costs between April 2021 and November 2021, counsel agreed that three different support guidelines would apply in 2021. Father refused to permit his attorney to endorse the order, prompting his attorney to move to withdraw as his counsel.

On February 7, 2022, the court entered a child support order, an order granting father's counsel's motion to withdraw, and awarded mother $1,000 in attorney fees. The trial court

---

[1] We review "the evidence in the light most favorable to . . . the prevailing party at trial," and will not disturb "the trial court's judgment . . . unless it is plainly wrong or without evidence to support it." *Sidya v. World Telecom Exch. Commc'ns, LLC*, 301 Va. 31, 37 (2022) (quoting *Nolte v. MT Tech. Enters., LLC*, 284 Va. 80, 90 (2012)).

[2] The facts are taken from the statement of facts signed by the trial judge on July 8, 2022. Portions of the record in this case were sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues father has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

waived[3] father's signature on the final order, and father noted no objections to the waiver. This appeal follows.

ANALYSIS

Father challenges the trial court's child support order and award of attorney fees. He asserts that the trial court's findings of mother's gross income were not supported by the evidence and "violated [the] child support guidelines [in] . . . Code §§ 20-108.2(C) and 20-108.1(B)." Father also contends that the trial court erroneously calculated his gross income by failing to consider his "allowable deductions for business expenses" under Code § 20-108.2(C) and by incorrectly averaging his "actual monthly income." Moreover, he asserts that the language in the final order imposing "all work-related childcare expenses" on him "does not reconcile with the calculated child support obligation" in Code § 20-108.2(F). Finally, father contends that the trial court abused its discretion by awarding attorney fees to mother because it "misapplied" Code §§ 16.1-278.19 and 20-146.33 and failed to consider "the relevant factors."[4]

---

[3]    Rule 1:13. Endorsements. Drafts of orders and decrees must be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof must be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them. Compliance with this Rule . . . may be modified or dispensed with by the court in its discretion.

[4] Father also contends that the trial court "erred as a matter of law in paragraph 9 of the child support order by misinterpreting . . . [C]ode § 20-60.3(11)." Paragraph 9 of the final order specifies mother's child support arrearage and sets a monthly payment obligation to discharge the arrearage. Further, father asserts that the trial court erred by not applying "the guidelines [in] [C]ode § 20-108.2(E) to determine the health care cost per child to be added to the basic child support obligation." Father presents no argument in support of either of these assignments of error; we therefore conclude that he has waived them. *Andrews v. Commonwealth*, 280 Va. 231, 253 (2010); *see also* Rule 5A:20(e) (requiring the opening brief include "the argument[,] including principles of law and authorities[,] relating to each assignment of error"); *Mitchell v. Commonwealth*, 60 Va. App. 349, 355 (2012) ("[H]old[ing] that appellant has waived consideration of his argument under Rule 5A:20(e)."). The limited argument in father's reply brief with respect to these assignments of error does not alter our conclusion. *See Palmer v. Atlantic Coast Pipeline, LLC*, 293 Va. 573, 580 (2017) (holding that an argument was waived

- 3 -

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." *Perry v. Commonwealth*, 58 Va. App. 655, 666 (2011). "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).

The written statement of facts approved by the trial court does not demonstrate that father objected to the court's decision regarding child support, child care expenses, or the award of attorney fees to mother.[5] Before the hearing scheduled on Monday, February 7, 2022, father filed a letter on Friday, February 4, 2022, in which he claimed generally that mother's "income figures on the calculated order" were not supported by the evidence; however, father did not offer any details other than to allege that mother had falsely stated she did not work on weekends. Father stated his intention to present evidence at the February 7 hearing supporting his claim, but the statement of facts does not reflect that he presented such evidence or that the trial court considered such an argument. In his February 4 letter, father also argued that the

_____

when it was "merely referenc[ed]" in the opening brief and then presented fully in the reply brief).

[5] Even if father had generally objected to the order, "[o]rdinarily, endorsement of an order '[s]een and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." *Canales v. Torres Orellana*, 67 Va. App. 759, 771 (2017) (en banc) (quoting *Herring v. Herring*, 33 Va. App. 281, 286 (2000)). "Such an endorsement is sufficient to satisfy Rule 5A:18 only if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" *Id.* (quoting *Herring*, 33 Va. App. at 286).

income attributed to him through his Uber and Lyft jobs was "not based on evidence," but the record does not indicate that he made this argument at the hearing.

On appeal, father cites certain exhibits admitted at the hearing as the place in the record where he preserved his arguments, but the exhibits do not reflect the arguments father presented to the trial court. Father's only objection to the trial court's decision in the record is his motion to reconsider; however, because the trial court did not rule on his motion, there is nothing for this Court to review. *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010); *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993).

"The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" *Friedman v. Smith*, 68 Va. App. 529, 544 (2018) (quoting *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002)). Here, the record before us does not indicate that father presented the same arguments to the trial court that he raises on appeal. Therefore, father failed to preserve his claims for appellate review, and we may not consider them. Rule 5A:18. Father does not invoke the good cause or ends of justice exceptions to Rule 5A:18 in his opening brief,[6] and the Court will not apply the exceptions sua sponte.

---

[6] Although father asks in his reply brief that we consider assignments of error five and six "to prevent a miscarriage of justice," he did not invoke any exception to Rule 5A:18 in his opening brief and, in his reply brief, his sole argument on "miscarriage of justice" is that "it's a plain error."

*Pro se* documents must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the procedural-default rule "applies equally to both *pro se* litigants and those who are represented by counsel." *Newsome v. Newsome*, 18 Va. App. 22, 24-25 (1994); *see also Townes v. Commonwealth*, 234 Va. 307, 319 (1987) (explaining that a litigant "who represents himself is no less bound by the rules of procedure and substantive law than a [litigant] represented by counsel" (quoting *Church v. Commonwealth*, 230 Va. 208, 213 (1985))). Accordingly, we conclude that father has waived these assignments of error. *See Palmer*, 293 Va. at 580 (holding that argument raised for the first time in reply brief was waived); *Whitley v. Commonwealth*, 223 Va. 66, 79 n.2 (1982) ("[W]e will not notice a non-jurisdictional question raised for the first time in a reply brief filed in this Court."); *Jeter v. Commonwealth*, 44 Va. App. 733, 740-41 (2005) (holding that arguments cannot be developed for the first time in a

*Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc).  Accordingly, we decline to

consider father's assignments of error and affirm the trial court's judgment.[7]

*Affirmed.*

---

reply brief or at oral argument).  By neglecting to invoke an exception to Rule 5A:18 until his reply brief, father deprived mother of any "meaningful opportunity" to respond.  *Jeter*, 44 Va. App. at 740.

[7] Mother requests an award of attorney fees and costs incurred on appeal.  *See* Rule 5A:30(b); *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996).  "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary."  *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman*, 68 Va. App. at 545).  On consideration of the record before us, we deny mother's request for an award of attorney fees and costs incurred on appeal.