COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judges Humphreys and O'Brien
Argued by videoconference

DARRELL THOMAS ELLIS

v.        Record No. 0710-20-1

TALISHA DANET SUTTON-ELLIS

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
JUNE 22, 2021

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Teri A. Curry (Lasris, Walsh & Curry, P.C., on briefs), for appellant.

Ashli B. Pack (Hofheimer Family Law Firm, on brief), for appellee.

On August 18, 2016, appellant Darrell Thomas Ellis ("father") filed a complaint for

divorce from appellee Talisha Danet Sutton-Ellis ("mother").  On February 6, 2020, following a

hearing, the Circuit Court for the City of Hampton ("the circuit court") entered a final decree of

divorce between the parties.  The final decree bifurcated some matters, reserving the issues of

child custody, visitation, child support, child and spousal support overpayments, reimbursement

of medical expenses, and attorney's fees for later resolution.  On April 9, 2020, the circuit court

issued a letter opinion stating its findings regarding, *inter alia*, spousal support, child support,

medical expense reimbursement, and attorney's fees between the parties.  On May 11, 2020, the

circuit court entered an order of equitable distribution reflecting the letter opinion.  On appeal,

father argues that the circuit court erred in its calculations regarding his child support obligation

and his income.  He also argues that the circuit court erred by not crediting him for medical and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

dental premiums he claims to have paid on behalf of the parties' children. Father also asserts he was deprived of due process and that the circuit court abused its discretion by failing to hold a phone conference that father requested. Finally, father argues that the circuit court erred by awarding mother a total of $20,000 in attorney's fees.

Mother cross-appealed on brief, arguing that the circuit court erred by limiting her attorney's fees award to $20,000 because the parties' separation agreement entitled her to full reimbursement.

## I. BACKGROUND

Father and mother were married on October 3, 1998, and three children were born of the marriage. The parties separated in 2014.

On May 22, 2014, father and mother signed a "Stipulation and Agreement" ("the agreement"). The agreement stipulated, *inter alia*, the amount of child support, spousal support, and division of attorney's fees. The agreement also stated that it was to be incorporated into the final decree of divorce.

On September 14, 2015, father emailed mother and stated that he was lowering the amount of child support he paid her each month, despite their agreement to the contrary. Following father's decreased amount of child support, mother filed a petition for child and spousal support in juvenile and domestic relations district court ("J&DR court"). On May 4, 2016, the J&DR court entered an order establishing father's spousal and child support obligations.

On August 18, 2016, father filed a complaint for divorce that did not reference the agreement. Mother filed a counterclaim asserting that father's complaint ignored the agreement without good cause.

On July 24, 2018, the circuit court issued a letter opinion finding that the agreement between the parties was valid and that the J&DR court order regarding child support was enforceable, but mother had breached the parties' agreement by filing for spousal support in J&DR court. The letter opinion also stated, "[Father] has caused more delays than [mother] by completely resisting the incorporation of the [a]greement in the final decree."

However, despite the 2018 letter opinion, the parties were still not able to reach an agreement on the contents of a decree of divorce and no final order reflecting the letter opinion was entered. Another hearing was eventually scheduled for February 6, 2020, at which the circuit court entered a final decree of divorce but reserved "all matters pertaining to child custody, visitation, child support, child and spousal support overpayments, medical reimbursement, and attorney's fees."[1] At that hearing, father asked the circuit court to rule on how child support should be calculated, asserting that he had overpaid, and asked the circuit court to calculate what the payments should have been.

The circuit court refused to do so because father was unprepared for the hearing and failed to submit evidence ahead of the hearing, as required by local court rules, to support his arguments. Specifically, the parties disputed the appropriate amount of retroactive child support, and father provided no evidence in support of his position. Ultimately, due to father's lack of readiness to proceed, the circuit court said that it did not have enough information to rule on the remaining issues at the hearing. Father's counsel then asked if each party could submit their

---

[1] Under Code § 20-107.3(A), circuit courts have authority to bifurcate a final decree of divorce from outstanding issues, reserving the outstanding matters for future adjudication. "[B]ifurcating a divorce proceeding in this manner is not a matter of right nor should it be a common practice, but rather an exercise of a trial court's discretion in an irregular situation. It is proper to do so only upon motion of a party and when 'clearly necessary' to achieve equity." Friedman v. Smith, 68 Va. App. 529, 540 (2018). We express no opinion regarding the propriety of bifurcation under Code § 20-107.3(A) in this case.

arguments on the reserved issues via written briefs and include "supporting documentation," to which the circuit court agreed.

Both parties submitted their briefs in February 2020. After receipt of both briefs, the circuit court issued another letter opinion, finding that, "[f]ather stands before the [c]ourt with unclean hands. Throughout these proceedings, he has continually tried to avoid his obligations pursuant to the [p]roperty [s]ettlement [a]greement . . . signed by the parties." Additionally, the circuit court found mother's calculations to be persuasive regarding child support and adopted the amounts outlined in her brief.

Finally, the circuit court denied father's request for attorney's fees and instead awarded mother an additional $10,000 in attorney's fees and costs, stating:

> This [c]ourt could not rule on the issues noticed because [father] disregarded the [c]ourt's request that all relevant documents had to be submitted seven (7) days before the hearing. Since that was not done, the case was delayed again and briefs had to be submitted. [Mother] is awarded an additional $10,000 in attorney's fees for this unnecessary delay and preparation for issues not properly noticed.

The letter opinion concluded by stating:

> If there is further dispute, we will have a phone conference to be scheduled after I receive the [f]inal [d]ecree. The attorneys are ordered to fax those issues to me and copy each other in writing two days prior to the prescheduled phone conference.

On April 30, 2020, father sent a letter to the circuit court in which he asserted there were issues in dispute and requested a telephone conference. The telephone conference never occurred, and nothing in the record explains why it did not take place. Notwithstanding father's objections, mother drafted an equitable distribution order and asked the circuit court to sign it.

On May 11, 2020, the circuit court entered the equitable distribution order submitted by mother, accompanied by a letter to the parties that said: "[Father's] objections are noted but the evidence submitted does not support those objections."

- 4 -

On May 28, 2020, father filed a motion for entry of order to stay and a motion to reconsider, which the circuit court denied.

This appeal followed.

## II. ANALYSIS

### Standard of Review

This Court's standard of review regarding equitable distribution orders is well-established. "Code § 20-107.3 contains no presumption favoring equal division . . . in reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case. Only under exceptional circumstances will we interfere with the exercise of the trial judge's discretion." Aster v. Gross, 7 Va. App. 1, 8 (1988).

Likewise, "[t]he determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence." Niblett v. Niblett, 65 Va. App. 616, 624 (2015) (quoting Oley v. Branch, 63 Va. App. 681, 699 (2014)). "Child support decisions, like 'spousal support determinations[,] typically involve fact-specific decisions best left in the 'sound discretion' of the trial court." Id. (alteration in original) (quoting Brandau v. Brandau, 52 Va. App. 632, 641 (2008)).

### Regarding the Record

We begin our review by noting that the record in this case is atypical. At the February 2020 hearing on the reserved issues, the circuit court generously decided to give the father even more time to produce evidence in support of his arguments, choosing not to make any decision at that time due to father's lack of preparation. However, the circuit court's decision to allow counsel to submit written briefs with supporting documentation, instead of holding a subsequent

hearing on the merits so that the documents could be entered into evidence, was a departure from proper judicial procedure that somewhat muddies the record in this case. As it was, the "evidence" submitted by each party, though contested, was unable to be tested by the other party through cross-examination, and the documents submitted were never properly admitted as exhibits.

Despite the unusual procedures employed here, under our decision in Mueller v. Commonwealth, 15 Va. App. 649, 652 (1993) (alteration in original) (quoting Martin v. Winston, 181 Va. 94, 105 (1943)), "[c]ase law makes clear that 'formal introduction [of documentary evidence] is waived where the court and parties treat an instrument as in evidence . . . or where it is read without objection.'" Under that standard, because neither party has objected and both the parties and the court treated the documents as evidence and included them in the record transmitted to this Court on appeal, any issues regarding the unusual procedure employed here are waived.

### Erroneous Calculations of Child Support and Father's Income

Father argues that the trial court erred in its calculation of child support by incorrectly calculating his income and by failing to credit him for medical and dental insurance premiums that he claims to have paid on behalf of the children.

A circuit court's decision regarding a child support obligation is a combination of mandatory statutory steps and broad discretion. See Niblett, 65 Va. App. at 624. The presumptive calculations set out in Code § 20-108.2 provide the starting point, or guidelines, for determining a child support award, and there is a rebuttable presumption that the amount determined by the circuit court in accordance with the statutory guidelines is correct. See id. at 625 (quoting Brooks v. Rogers, 18 Va. App. 585, 591 (1994)).

When the final decree of divorce was entered, both father and mother agreed that child support guideline worksheets needed to be used to retroactively calculate what the appropriate amount of child support was during the years that the divorce was pending. Both parties submitted proposed child support guideline worksheets. Father's worksheets contained a credit for medical and dental insurance premiums that he purportedly paid on behalf of the children. Mother's worksheets did not account for any premiums paid by father. Father submitted documents listing medical and dental insurance rates to the circuit court but provided no documentation showing that he had actually paid the amounts listed. Father also presented dozens of paycheck stubs that merely indicated, without explanation, that he paid for health and dental insurance through his employer; it was unclear from the face of the paycheck stubs who was covered by the insurance plan other than himself.

Father asserts that the circuit court abused its discretion by denying him reimbursement. An abuse of discretion can occur if the circuit court uses an improper legal standard, fails to consider the requisite statutory factors, or makes factual findings that are plainly wrong or without evidence to support them. See Congdon v. Congdon, 40 Va. App. 255, 262 (2003) (citations omitted). Here, however, the circuit court followed Code § 20-108.2 when calculating the appropriate amounts of child support and did not deviate from the guidelines and, as explained, its factual findings regarding the medical insurance reimbursements were not plainly wrong or without supporting evidence. When the circuit court sits as fact finder, if "the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." See Calvin v. Calvin, 31 Va. App. 181, 183 (1999) (quoting Ferguson v. Stafford Cnty. Dep't of Social Servs., 14 Va. App. 333, 336 (1992)). Nothing in the record indicates that the circuit court erred in how it weighed the evidence presented by both parties on the issue of medical insurance payments. Ultimately, father asked the circuit court to credit his

position as having paid for the children's medical insurance without any actual evidence that he did so; as such, the circuit court did not abuse its discretion when it refused to credit father for the alleged payments.

Neither did the circuit court err in its calculations of father's income. Code § 20-108.2(B) "sets forth a schedule, based on the number of children and the combined gross monthly income of the parties, that determines the 'basic child support obligation.' Subsection C defines what is considered as part of gross monthly income for the purposes of subsection B." Ridenour v. Ridenour, 72 Va. App. 446, 454 (2020). Father received income from a rental property, which, under the statute, had to be added to his gross income for the purposes of child support. See Code § 20-108.2(C).

Father claims that his monthly mortgage payment should have been deducted from his rental income because it was a reasonable business expense. He quotes Code § 20-108.2(C) in support, which says, "[g]ross income shall be subject to a deduction of reasonable business expenses for persons with income from self-employment, a partnership, or a closely held business." Under the plain language of the statute father relies upon, mortgage payments are not appropriate reasonable business expenses relevant for deduction. Father was not self-employed, nor in a partnership, nor was he in a closely held business. Simply put, the circuit court did not err by failing to deduct his mortgage payments from his rental income because the statute does not allow it to do so.

Finally, father's assignment of error states that the circuit court erred by using the wrong income figures for mother. However, father's brief does not contain any legal or factual assertions to support his argument. He simply made the allegation in his assignment of error and does not address it further. Father's failure to supply legal and evidentiary support for this assignment of error waives any consideration of it on our part. See Rule 5A:20(e) (requiring appellant's opening

brief to contain applicable principles of law and authorities in support of each of his assignments of error).

For these reasons, the circuit court did not err regarding the calculation of father's child support obligation.

Medical Expense Reimbursements

Father additionally argues that the equitable distribution order requires him to reimburse mother for the children's medical and dental bills without first having granted him due process. The Virginia Supreme Court has previously explained notice and due process requirements as follows:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

Lee v. City of Norfolk, 281 Va. 423, 435-36 (2011) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

By asserting that he did not receive due process, father is effectively claiming that he was either never given notice that reasonably apprised him of the pending action and that he was deprived of a chance to present his objections before the circuit court's equitable distribution order was entered, was never provided an opportunity to be heard regarding his legal position, or both.

Father alleges that mother's February 2020 brief brought up medical expense reimbursements for the first time, catching him off-guard, and that he was never allowed an opportunity to present his arguments against the reimbursements. However, the record shows that father was reasonably on notice of all the issues and hearings in this matter and, in fact, had multiple opportunities to present his arguments.

At the time of the February 2020 hearing, the agreement and the J&DR court order were in obvious conflict regarding how the parties were to divide medical and dental costs. The agreement stated, "[h]usband shall be responsible for the payment of any reasonable and necessary un-reimbursed medical or dental expenses," making father responsible for 100% of medical and dental costs. In contrast, the J&DR court order stated that father was responsible for only 70% of medical and dental costs.

Additionally, the final decree of divorce explicitly stated that, "the said [a]greement . . . is incorporated, but not merged, herein and the parties are ordered to comply with the terms thereof as if fully set out herein except for the matters of custody, visitation, and child support and medical reimbursement." The final decree unequivocally put the parties on notice that medical reimbursement would be determined by the circuit court in a separate order.

As noted earlier, at the conclusion of the hearing, the circuit court requested that the parties submit their arguments via brief. Father's ensuing brief did not address medical payments. Mother's brief explicitly did so. Afterward, the circuit court issued the equitable distribution order wherein it stated that father was responsible for a certain amount of medical expenses incurred by the children. While this ruling may have been unfavorable to father, he was in no way deprived of reasonable notice, nor was he deprived of an opportunity to present his objections. The final decree of divorce explicitly reserved the issue of medical reimbursements. Father had not one, but two, chances to address medical reimbursement payments to the circuit court, first, at the hearing, and second, on-brief. "Appellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error." Fadness v. Fadness, 52 Va. App. 833, 851 (2008). If father believed that it would be inequitable for him to be required to reimburse mother, he should have made that argument at

- 10 -

either, or both, of the opportunities given to him by the circuit court. We conclude that father was not deprived of due process regarding medical expense reimbursements.

Abuse of Discretion Regarding Conference Call

Father alleges next that the circuit court abused its discretion because it "denied" his request for a telephone conference following the April 9, 2020 letter opinion, which stated that the circuit court would have a phone conference "[i]f there is further dispute." The record shows that on April 30, 2020, father responded to the letter opinion, noting his objections and asking for a telephone conference. However, no evidence in the record indicates why the conference did not subsequently take place. Father argues, with no discernable legal support, that the mere fact that he requested a telephone conference and it did not occur created reversible error. He cites no case law or statutes in his brief to support his position.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented [now assignment of error].' Unsupported assertions of error 'do not merit appellate consideration.'" Jones v. Commonwealth, 51 Va. App. 730, 734 (2008) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)).

"A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research." Fadness, 52 Va. App. at 850 (quoting Jones, 51 Va. App. at 734). When a party fails to strictly adhere to the requirements of Rule 5A:20(e), this Court may treat the assignment of error as waived. See id.

Because father failed to present any legal authority or evidence to support his contention, and because those failures are significant, this Court finds that he has waived his right to have this issue reviewed on appeal.

- 11 -

Attorney's Fees in the Circuit Court

Both parties argue that the circuit court erred by awarding mother $20,000 in attorney's fees. Father argues that the fees were above what mother requested and "not related to the services billing [sic] they were awarded for." Mother argues that she was entitled to be awarded the full amount of her attorney's fees and costs under the default or enforcement provision of the parties' separation agreement.

"Whether to award attorney's fees in a divorce matter is left to the sound discretion of the trial court." Rinaldi v. Rinaldi, 53 Va. App. 61, 78 (2008). "Given the unique equities of each case, our appellate review steers clear of inflexible rules and focuses instead on 'reasonableness under all the circumstances.'" Id. (quoting Kane v. Szymczak, 41 Va. App. 365, 375 (2003)). Factors to be considered by a circuit court regarding a reasonable distribution of attorney's fees are a party's ability to pay a fee, the party's degree of fault in bringing about the dissolution of the marriage, and whether the party unnecessarily increased litigation costs through unjustified conduct calculated to delay resolution of the proceedings. See id. (citations omitted).

Here, the record supports a conclusion that the circuit court did not abuse its discretion in ordering father to pay mother $20,000 in attorney's fees and costs. The circuit court found that father had repeatedly committed unjustified conduct that delayed resolution of the proceedings. He denied the legitimacy of a valid and enforceable separation agreement, resulting in unnecessary and expensive litigation. He also failed to timely submit evidence for the February 2020 hearing, as required by the circuit court, and his actions ultimately necessitated further litigation. As a result, mother incurred more attorney's fees and costs.

Mother cross-appeals on brief, arguing that the circuit court erred by limiting the attorney's fee award to $20,000 and not awarding her the full amount of her attorney's fees.[2] Assuming

_____

[2] Mother did not argue or raise her cross-appeal at oral argument.

- 12 -

without deciding that her assignment of error was properly preserved, mother's cross-appeal fails on the merits because the agreement clearly does not state that mother is entitled to the total amount of her attorney's fees and costs. It says only, in relevant part, "[t]he attorney fee provisions set forth in this [a]greement shall not preclude either [h]usband or [w]ife from seeking an award of attorney fees in future litigation . . . ." The language of the agreement merely allows her to seek attorney's fees under certain conditions; it does not guarantee a specific amount.

Mother also argues that she was owed attorney's fees under the "default" clause of the agreement, which states:

> If either party fails to perform any of his or her obligations or duties hereunder, the aggrieved party shall have the right to sue for damages for breach thereof, or to seek such other legal and/or equitable remedies . . . including reasonable attorney's fees. The defaulting party shall be liable for all expenses incurred by the non-defaulting party in connection with the enforcement of this [a]greement, including but not limited to, all legal fees . . . should he or she prevail in court.

In its July 24, 2018 letter opinion, the circuit court provided support for its decision not to award mother the totality of her attorney's fees despite the language of the agreement, explaining that mother breached the parties' separation agreement by petitioning the J&DR court for a spousal support order. The letter opinion specifically stated: "These circumstances require the [c]ourt to equitably award attorney's fees. Neither party is entitled to all of their fee." The circuit court also wrote that both parties caused "delay and unnecessary litigation by promoting issues adverse to the [a]greement."

As noted above, circuit courts have wide discretion to determine what is a reasonable allocation of attorney's fees based on the circumstances of each case. See Rinaldi, 53 Va. App. at 78. Under our deferential appellate standard of review, and in light of the unique circumstances of this case, we cannot say that the circuit court's decision to award mother only $20,000 in attorney's

fees was "plainly wrong or without evidence to support it." See id. at 70. The circuit court's finding regarding mother's attorney's fees is affirmed.

Attorney's Fees on Appeal

Both parties have requested that this Court award them their attorneys' fees and costs for this appeal. Pursuant to our authority to determine whether an award for attorney's fees on appeal is warranted, we hold that neither party is entitled to costs or attorney's fees and both requests are denied. See Robinson v. Robinson, 50 Va. App. 189, 198 (2007).

III. CONCLUSION

In conclusion, we affirm the circuit court on each assignment of error for the reasons stated above.

Affirmed.